In the Matter of the Application of CHARLES L. RIKER and Others, Appellants, and THIRTY EAST FORTIETH STREET, INC., Petitioner, for a Certiorari Order against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, etc., and Others, Respondents.

First Department, April 5, 1929.

*Frederick H. Van Houten* of counsel [*Sherman S. Rogers* with him on the brief; *Carter, Ledyard & Milburn*, attorneys], for the appellants.

*Vine H. Smith* of counsel [*George P. Nicholson, Corporation Counsel*], for the respondents, constituting the board of standards and appeals.

*William St. John Tozer* of counsel [*White & Case*, attorneys], for the respondent New York Trust Company.

McAvoy, J. The board of standards and appeals had granted an application under the Building Zone Resolution permitting in a residence district the erection and maintenance of a building for business occupancy. The premises in question were known as 24–26 East Fortieth street, in the borough of Manhattan. The order dismissing the proceeding was made because the board of standards and appeals had since the commencement of the proceeding rescinded and set aside their ruling and determination and the Special Term thus considered that nothing remained for court review.

We conclude that the rescission and setting aside of its former decision by the board of standards and appeals was unauthorized and void. The function of that board is a quasi judicial one and it is not empowered to review its own decision by vacating or rescinding or altering it when made, and besides the certiorari order of the Supreme Court had removed the whole proceeding to its jurisdiction and the power of the board of standards and appeals had thereby been terminated.

The board of standards and appeals after a hearing had adopted a resolution granting an appeal from the building superintendent and permitted the erection of a business building in a residence district and this certiorari order sought a review of that decision.

The intervening defendant, the New York Trust Company, succeeded to the rights of the former owner of the premises and on May 10, 1928, obtained an order making it a party in this proceeding.

The intervenor notified the superintendent of buildings of its abandonment of the proposed building and withdrew its plans therefor, and thereafter moved this court to dismiss the certiorari proceeding. This motion was denied.

Proceedings were then taken by the intervening respondent and its predecessor in title by which the board of standards and appeals, notwithstanding the certiorari order, reopened its proceeding and rescinded its former resolution. Thereafter, on motion in the Supreme Court by the intervenor, the order now here was granted dismissing the certiorari order.

This reopening of the appeal from the superintendent of buildings which the board had once decided and their determination upon such reopening were absolutely void. No section of the statute defining the board's powers gives it any authority so to act as to effect a review or rescission of its own prior decision, except when additional facts are presented. The jurisdiction of the board by its statutory mandate is limited to hearing and determining appeals. When quasi judicial bodies act under their granted powers, their determination is final unless reversed by a superior body.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, P. J., Finch, Martin and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.