In the Matter of the Application of ELLA HEYMAN, Petitioner, for a Peremptory Mandamus Order against WILLIAM E. WALSH, Chairman, and Others, Members of the Board of Standards and Appeals of the City of New York, Respondents.

Supreme Court, New York County, April 21, 1930.

*Compton & Delaney* [*Frank J. Dillon* of counsel], for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel* [*William T. Kennedy* of counsel], for the respondents.

FRANKENTHALER, J. The original application for variation of the Building Zone Resolution was made under sections 7-b and 21. The minutes of the hearing before the board of standards and appeals showed that the board considered the fact that the building in question was partly in a business district and partly in a residence district. The very resolution denying the application for variation and affirming the decision of the superintendent of buildings recites that " the board deems that applicant is not entitled to relief under sections 7-b and 21." Nevertheless application was made for " reopening " of the matter on the very same theory and on the identical facts with the single exception that the original proposal to extend the building three feet at the front was withdrawn. The suggestion that the application to vary be granted on condition that the front remain unaltered had, however, been considered by the board at the hearing. It chose not to permit the variation even with that condition imposed.

Under the circumstances the board was without jurisdiction to reopen the case and entertain what was, in effect, an application that it set aside and rescind its former decision. (See *Matter of Riker* v. *Board of Standards & Appeals,* 225 App. Div. 570.) The reopening was a void and unauthorized act, and, it seems to me, therefore, that the motion for a peremptory order of mandamus to compel the board to rescind its reopening of the application should be granted. True, it is urged that the moving party has adequate relief by certiorari in the event that on a rehearing the board should reverse its former determination. On the other hand, a resort to certiorari would impose an unnecessary burden of expense upon the intervenor by compelling her to contest the proceedings *de novo* before the board, with the subsequent burden of going on with certiorari in the event of a determination adverse to her.

While the board is a quasi judicial body, that fact alone is not an

absolute bar to mandamus where it is required to perform a mere ministerial act such as striking a case from a calendar. (*People ex rel. Rogers* v. *County Judge of Clinton County*, 13 How. Pr. 277.) In *People ex rel. Ridgeway* v. *Cortelyou* (36 Barb. 164) the court, citing the *Rogers* case with approval, thus summarized it: " The county judge had erroneously dismissed an appeal from the justice's court while an order for an amended return was pending, unexecuted. It was held that if he acted ministerially, or if he had no power under section 364 of the code to dismiss the appeal, the matter was not within his judicial cognizance, and, therefore, the order to dismiss was a nullity, and a mandamus to hear and decide the appeal should issue." Motion granted. Settle order.