BENJAMIN MACKLER, DEFENDANT-APPELLANT, v. THE BOARD OF EDUCATION OF THE CITY OF CAMDEN, RESPONDENT.

Argued October 4, 1954—Decided November 1, 1954.

364

*Mr. I. V. DiMartino* argued the cause for the appellant.

*Mr. William G. Bischoff* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J.  Benjamin Mackler, business manager of the Board of Education of the City of Camden (hereinafter referred to as the "board") since December 1, 1942, was on September 25, 1952 discharged from his position.  The resolution of dismissal was passed by the board following lengthy hearings on charges preferred against Mr. Mackler pursuant to the statute *N. J. S. A.* 18:5–51.  An appeal was taken to the Commissioner of Education and was dismissed by him, and thereafter a further appeal was taken to the State Board of Education which affirmed the decision of the Commissioner.  After a further appeal to the Appellate Division, Superior Court, and before argument there, we certified the cause here on our own motion.

Several months prior to April 16, 1952 a committee was appointed by the president of the board, consisting of three of its members, to look into and study the business manager's office.  This committee conducted an investigation, interviewed many witnesses and then made a report of its findings to the board with recommendations.  Thereafter two members of the investigating committee, Mr. Pierce and Mr. Sherman, signed a formal complaint against the defendant, charging

him with inefficiency and neglect of office, failure to devote his full time to the duties of the office, failure to attend the meetings of the board, and insubordination.

Hearings on the formal charges preferred against the defendant were commenced by the board on May 15, 1952. At that first hearing there were present seven members of the board, two being absent. The defendant was present and represented by counsel.

Prior to the commencement of the hearing the defendant objected to the two members of the board who had signed the complaint against him participating in the hearing, the contention being they were disqualified by reason of their having preferred the charges. No objection was made by the defendant to the hearing proceeding in the absence of two members of the board. The defendant's objection to the participation in the hearing by the two members who had signed the charges was overruled. The hearings continued on June 4, June 6, June 14, June 28 and July 1.

On the several dates on which the hearings were conducted on some occasions one or two members of the board were absent, so that at the conclusion of the meeting on July 1 only two members of the board had heard all the testimony presented up to that time.

Testimony on behalf of the board had been completed at the July 1 hearing, and on August 5, 1952 it reconvened to proceed with the taking of testimony on behalf of the defendant. At this time the attorney for the defendant moved to dismiss the charges on two grounds: first, that only two members of the board had heard all the testimony presented, and it was, accordingly, unable to render a decision on the matter and had lost jurisdiction, and secondly, that the evidence adduced at the hearings had failed to establish a *prima facie* case against the defendant.

Counsel for the board then suggested that certain testimony which had not been heard by a sufficient number of members of the board be stricken from the record and be withdrawn from the consideration of the board and that it base its decision solely on such evidence as had been heard

by a sufficient number of members of the board to permit a majority of it to properly consider the charges. The motion to strike the testimony in accordance with the suggestion was granted, and after argument the motions made on behalf of the defendant were denied. The defendant then advised the board that he felt his legal position was so secure that he was not going to offer any proof but was willing to submit the case for determination on the record as it stood.

At a meeting of the board on September 4, 1952 it reconsidered its action in view of the objection raised by the defendant that only members of the board who had heard all of the testimony could participate in any decision on the charges, and passed a resolution that the hearing be reopened "for the recall of those witnesses who were not heard by the entire board, and the defendant to be properly notified by the secretary of the date when the witnesses will be recalled so that the defendant may examine those witnesses and be present." Pursuant to the terms of the aforesaid resolution the board reconvened on September 25, 1952. Eight of the nine members of the board were then present, as well as the defendant with his counsel. The defendant's counsel objected to the continuance of the hearing and thereafter defendant and his counsel left.

The board thereupon proceeded to recall all those witnesses whose testimony had not been heard by all of its members. At the conclusion of the presentation the board considered the evidence presented by the recalled witnesses together with the testimony previously given by two witnesses who had testified on July 1, 1952, at a time when all of the members of the board were present. The resolution of dismissal was then passed.

The defendant first says that he was denied a fair and impartial trial and that it was a deprivation of his constitutional rights for two of the members of the board who had signed the complaint against him to act as prosecutors and judges.

The making of a complaint does not disqualify a board member where its making is a formality of office and no

personal interest is shown. *Gross v. New Jersey State Bd. of Optometrists*, 11 *N. J. Misc.* 485 (*Sup. Ct.* 1933), but where private interest at variance with impartial performance is shown there is disqualification, *Downs v. Mayor, etc., South Amboy*, 116 *N. J. L.* 511 (*E. & A.* 1936); *Pyatt v. Mayor and Council of Dunellen*, 9 *N. J.* 548 (1952), and likewise malice or ill-will will cause disqualification. "The fundamental reason that supports disqualification of a judge is personal interest in the case or the manifestation of malice or ill will towards the accused," *Freudenreich v. Mayor, etc., Fairview*, 114 *N. J. L.* 290 (*E. & A.* 1935); *Reimer v. Board of Chosen Freeholders of Essex County*, 96 *N. J. L.* 371 (*Sup. Ct.* 1921), affirmed 97 *N. J. L.* 575 (*E. & A.* 1922). The danger that must be guarded against is a concentration of inquisitional prosecution and judicial powers, to the end that there may be impartiality of judgment. *Davis, Administrative Law* 375 (1951); *Schwartz, American Administrative Law* 104 (1950); *Mazza v. Cavicchia*, 15 *N. J.* 498, 523 (1954). See the concurring opinion of Mr. Justice Brennan, while in the Appellate Division of the Superior Court, *In re Larsen*, 17 *N. J. Super.* 564 (*App. Div.* 1952).

█ Our concern, then, in the instant case is as to whether or not anything can be discovered from the record showing any private interest in the outcome of the cause on the part of Mr. Pierce and Mr. Sherman or any evidence of malice or ill-will on their part toward the defendant, and we find none.

The defendant relies on *New Jersey State Bd. of Optometrists v. Nemitz*, 21 *N. J. Super.* 18 (*App. Div.* 1952), but it is clearly distinguishable from the instant case. In the *Nemitz* case the statute required a majority of the board to hear the charges but only two members thereof heard all of the evidence even though the defendant had objected and asked for all of the evidence to be introduced before a majority of the board. Dr. Nurock, who sat on the board and heard the case, had made the complaint against the defendant in his individual capacity, he had caused the investigation, procured an investigator to make it, provided the funds for

an eye examination to be made by the defendant, the person whose eyes were examined was his patient and he disclosed bias and prejudice by his remarks to witnesses at the hearing. The Appellate Division held in that case that Dr. Nurock should have disqualified himself under the facts there exhibited and said where investigation, prosecution and judicial functions rest in the same board its members must be zealous in the preservation of a right to a hearing by impartial triers of the facts and the courts must impose careful supervision of that element of the hearing.

The defendant points to nothing in the record to demonstrate any bias, prejudice or personal interest on the part of Mr. Pierce and Mr. Sherman, other than the bare facts of participation in the proceeding including some interrogation of witnesses which was negligible.

Defendant next asserts that he was denied due process because all of the members of the board did not sit during all the proceedings.

■■ The argument on this point is that it was improper for the board to reopen its case and rehear the testimony of witnesses. No authorities are cited. We know of no vested right in a defendant to prevent a reopening of a case or a hearing for the taking of evidence. The board realized it had made a mistake in not insisting that all its members or a quorum thereof hear all of the evidence, and in our judgment it took the only proper course when it ordered that the testimony be repeated for the benefit of those who had been absent. The defendant's fundamental rights were not infringed upon. "Administrative determinations are subject to reconsideration and revision by the agency itself, and a rehearing and the taking of new evidence to that end, so long as it retains control of the proceeding and rights have not vested. This is an inherent power * * *," *In re Plainfield-Union Water Co.*, 14 *N. J.* 296, 305 (1954). There was no denial of a fair hearing in the procedure adopted. *Cf. Handlon v. Town of Belleville*, 4 *N. J.* 99, 106 (1950).

Admittedly the resolution of dismissal did not contain a recitation of the facts upon which the conclusion of the board was based and the defendant contends that his dismissal is void for such failure.

■ The two chief reasons for requiring findings of fact are that the case shall be decided according to evidence rather than arbitrarily, and so that the parties and reviewing authorities may determine whether it has been. *New Jersey State Bd. of Optometrists v. Nemitz, supra; Saginaw Broadcasting Co. v. F. C. C.,* 68 *App. D. C.* 282, 96 *F. 2d* 554 *(C. A. D. C.* 1938), *certiorari* denied *Gross v. Saginaw Broadcasting Co.,* 305 *U. S.* 613, 59 *S. Ct.* 72, 83 *L. Ed.* 391 (1938). See *New Jersey Bell Telephone Co. v. Communications Workers, etc.,* 5 *N. J.* 354, 377 (1950) ; *Delaware, L. & W. R. Co. v. City of Hoboken,* 10 *N. J.* 418, 425 (1952) and *Atlantic City Transp. Co. v. Director, Div. of Taxation,* 12 *N. J.* 130, 139 (1953) ; *Davis, Administrative Law* 527 (1951). As pointed out by Davis, *supra,* 529, there are three other practical reasons for making findings of fact: to prevent judicial usurpation of administrative functions, to help parties plan their cases for rehearing and for judicial review, and to keep administrative agencies within their jurisdiction.

But none of these reasons or policies are of particular significance here where subsequent findings were made, even though after notice of appeal to the Commissioner of Education was served on the board.

In *Ward v. Scott,* 11 *N. J.* 117 (1952), where it was held that a board of adjustment had made inadequate findings of fact under *N. J. S. A.* 40 :55–39 (*d*), we remanded the cause to the board for reconsideration, findings and recommendation to the town council in the light of the events in the record. See also *New Jersey Bell Telephone Co. v. Communications Workers, etc., supra.*

■ Here a full finding of fact was made and the defendant does not argue that these findings are in any way defective except that they were not filed as of the time of the resolution of dismissal and that the defect could not be corrected

after the appeal had been instituted. While the better practice would have been for the findings of fact to have been made prior to the passage of the resolution of dismissal under the facts exhibited here, even if there had been no findings of fact when the case reached this court, we would undoubtedly have remanded the cause to the board to give it an opportunity to do so, and in view of the findings which were ultimately made any error in this respect has been cured.

Without reciting the evidence in detail, and it must be borne in mind that the defendant did not take the stand in his own defense, there was testimony that he failed to inspect or supervise repairs and construction work on the various school buildings, that he failed to look over plans and specifications for such work, that work was let out by contract to full time school employees who performed the work called for by the contracts during their regular working hours for the board and were thus paid for that work in addition to their regular salary, that he only spent two or three days a week at his work and delegated it to others, that he failed to obtain bids for supplies, that supplies often did not conform to the specifications and that he failed to attend meetings of the board although ordered to do so. There was an imposing array of witnesses and the testimony against the defendant was convincing. There were also two administrative reviews which concurred in the guilt of the defendant. There was substantial, competent and relevant evidence to support the finding of guilt.

The decision of the State Board of Education is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.