102 N.J. Super. 84 (1968)
245 A.2d 377
RAYMOND W. MORTON, RICHARD M. SHOFI, AND SOUTH-WEST CIVIC ASSOCIATION OF CLARK, A CORPORATION OF NEW JERSEY, PLAINTIFFS,
v.
MAYOR AND COUNCIL OF THE TOWNSHIP OF CLARK, A MUNICIPAL CORPORATION IN UNION COUNTY, AND THE BUILDING INSPECTOR, DEFENDANTS. MABROOK GARDENS, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
MAYOR AND COUNCIL OF THE TOWNSHIP OF CLARK, A MUNICIPAL CORPORATION IN UNION COUNTY, AND THE BUILDING INSPECTOR, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 28, 1968.
*87 Mr. George W. Morton, Jr., for plaintiffs Raymond W. Morton et al.; (Messrs. George W. Morton, Jr. and Stanley J. Mann, co-counsel for plaintiffs.
Mr. S. Arthur Schimmel for plaintiff Mabrook Gardens (Messrs. Levy & Krauss, attorneys).
Mr. Irvine B. Johnstone, Jr., Township attorney, for defendants.
FELLER, J.S.C.
This is an action in lieu of prerogative writs brought by citizens and taxpayers attacking the issuance of a variance by the Township of Clark permitting the erection of a garden-type apartment house in Clark's R-150 residence zone. The application was made to the board of adjustment under N.J.S.A. 40:55-39(d). The board adopted a resolution setting forth certain facts and recommending to the township council that the variance be approved. The township council having adopted a resolution *88 approving the variance, an action was instituted by citizens and taxpayers attacking the grant. The landowner, Mabrook Gardens, intervened in that action. The variance was subsequently rescinded by resolution of the township council and the suit of the citizens and taxpayers then dismissed without prejudice.
The landowner thereupon instituted an action in lieu of prerogative writs against the township council attacking the validity of the rescission resolution. During the pendency of that action the court on its own motion reactivated the prior action attacking the validity of the variance. The two actions have been consolidated by order of the court.
The above recited facts call for a determination of the following issues: (1) did the township council have the authority to rescind the already granted variance, and (2) was the variance in the first instance invalid as being arbitrary, capricious and unreasonable?
The validity of the rescinding resolution will first be considered.
While the legal action attacking the grant of the variance was pending, an election was held in the Township of Clark which resulted in a change of membership on the township council. When the new members assumed their office in January 1965, concern was expressed over the variance previously approved for Mabrook. As a result of this concern, the township council indicated a desire to review and reconsider the previously granted variance. Accordingly, the council, after notice to Mabrook, held a public hearing on April 26, 1965 as to why the variance should not be rescinded. It should be noted that this hearing was held a year and a day after the township council had approved the grant of the variance. Mabrook was represented at the hearing. Neither Mabrook nor the council presented any new evidence. Subsequent to this hearing, the 1964 variance was rescinded. As a result of this action, the suit previously instituted attacking the variance was dismissed without prejudice. Mabrook then instituted this suit.
*89 Mabrook contends that defendants mayor and council had no power under N.J.S.A. 40:55-39(d) to reconsider and overturn their previous action in granting a variance. Even assuming such power, plaintiff argues that defendants were without jurisdiction to exercise it because of the already instituted Superior Court action challenging their grant of the variance, or in the alternative, that in exercising this power defendants acted in an arbitrary and capricious manner.
In opposition to these contentions, defendants assert that an overall examination of the laws governing zoning in New Jersey, with particular emphasis on N.J.S.A. 40:55-39(d) indicates that they had power to reconsider their previous decision authorizing the grant of a variance. Furthermore, the institution of a proceeding in lieu of prerogative writs challenging the grant of the variance did not, in defendants' opinion, oust them of their power to reconsider.
Before turning to an examination of the contentions and counter-contentions of the parties, in light of the law applicable to the case, several points are worthy of mention. First, at the time of the oral argument on this matter, it became known to this court that plaintiff had abandoned its contention that it had relied on the initial grant of the variance by defendants to such an extent that the latter was estopped from taking further action on the matter. In view of such abandonment, this matter is no longer before the court. Second, an examination of New Jersey zoning law indicates that this case presents a question of first impression. Finally, the pretrial order lists as legal issues for consideration the validity of defendants' action in rescinding their previous grant of a variance and the question of the application of estoppel to the facts presented. As previously stated, this latter point has been abandoned, leaving only the former for consideration. The issue is whether, on the facts of this case and considering the applicable law, defendants had the power to rescind a previously granted variance.
It is the opinion of this court, for the reasons to follow, that defendants mayor and council had no authority to *90 reconsider and rescind their previous grant of a variance to plaintiff.
N.J.S.A. 40:55-30 outlines in broad terms the general purposes and powers of a municipality with respect to zoning. Under this carefully conceived statutory scheme it is true, as defendants contend, that the governing body of a municipality is given broad powers to enact zoning ordinances and provide for their enforcement, for the purpose of insuring the health, welfare and safety of a community. However, this broad power is primarily geared to the initial enactment of zoning ordinances and their constant review and updating subsequent to enactment  a legislative function. The actual task of administering such zoning ordinances once enacted rests in a board of adjustment created by the governing body pursuant to N.J.S.A. 40:55-36.
This power of administration within the confines of the local ordinance is qualified in situations where a party applies for a variance to establish a "use" in an area which excludes such "use." In such a case the board of adjustment has only the power to recommend a variance to the municipal governing body. According to the statutory scheme, if the board makes such a recommendation, then the governing body can act in one of two ways: it can either approve or disapprove. N.J.S.A. 40:55-39(d). If the variance is approved, the applicant is entitled to a permit to establish such a use. If not approved, then the applicant may either drop the matter or appeal the decision of the governing body by filing an action in lieu of prerogative writs within a certain time period. There is no provision in the statutory scheme for the initiation of reconsideration hearings either on the part of the applicant or the municipal governing body. In fact, in an N.J.S.A. 40:55-39(d) situation this court feels that the intention of the Legislature, as exhibited in its statutory enactments was to prevent such reconsideration in view of the availability of a proceeding in lieu of prerogative writs.
In Grogan v. DeSapio, 11 N.J. 308, 322, 323 (1953), the court stated that when a statutory power is exercised *91 in a manner that could not have been within the contemplation of the Legislature, and produces a result that could not have been foreseen by it, such exercise of power must be restrained within proper bounds by being held void. See also Donohue v. Campbell, 98 N.J.L. 755, 763 (E. & A. 1923). In support of the principle that a statute should not be construed to permit its purpose to be defeated by evasion, see State v. Hand, 71 N.J.L. 137, 141 (Sup. Ct. 1904); Haber v. Goldberg, 92 N.J.L. 367, 374 (E. & A. 1918). Further, in an investigation of the law in this respect, the purpose of the statute must be examined as well as the practical results flowing from its enforcement. McCarter v. McKelvey, 78 N.J.L. 3, 9 (Sup. Ct. 1909), affirmed sub nom. Attorney-General v. McKelvey, 78 N.J.L. 621, 623 (E. & A. 1910). Statutory language is to be construed keeping in mind the context of the whole statute, its purposes, and the circumstances under which the words were employed, giving them their generally accepted meaning unless a contrary intent is clear. This rule would seem to be applicable here in the construction of N.J.S.A. 40:55-39(d).
This court takes the position it does while recognizing fully the doctrine of inherent administrative reconsideration set forth in Mackler v. Board of Education, 16 N.J. 362 (1954). The question in issue in Mackler, was the reopening by a local board of education of disciplinary proceedings against its business manager. The court allowed such reconsideration in the absence of a statute prohibiting it, and in the absence of a final decision by the board. This absence of a final decision seems to have been the key aspect of the case, for the court, quoting In re Plainfield-Union Water Co., 14 N.J. 296, 305, said:
"Administrative determinations are subject to reconsideration and revision by the agency itself, and a rehearing and the taking of new evidence to that end, so long as it retains control of the proceedings and the rights have not vested. This is an inherent power." (at p. 369) (Emphasis added). *92 Careful attention must be given to the italicized language. Great weight is apparently laid to the retention of control of the proceedings and the absence of vested rights in any one party. If these are the key factors necessary for the exercise of the inherent power of administrative reconsideration and review, then the inherent power could not be exercised on the facts of the present case. The municipal governing body did make a decision, i.e., it approved the recommendations of the board of adjustment and thereby granted the variance pursuant to its power under N.J.S.A. 40:55-39 (d).
Referring back to the language of N.J.S.A. 40:55-39(d), it gives the governing body power to act one way or the other. In short, it must "approve or disapprove such recommendation." It is the opinion of this court that from the language used in N.J.S.A. 40:55-39(d), it was the legislative intention that a municipal governing body, having made one decision, cannot reconsider and make another one. Obviously, the effect of an "approve or disapprove" clause is to permit one course of action and not two. In this light, the doctrine set forth in Handlon v. Belleville, 4 N.J. 99 (1950) is on point. The court there said that "administrative tribunals possess the inherent power of reconsideration of their judicial acts, except as qualified by statute." (Emphasis added). Defendants' inherent power of reconsideration is qualified by the terms of N.J.S.A. 40:55-39 (d).
The approval or disapproval by a governing body of a recommendation for a variance made by a board of adjustment is not a legislative function. It is a quasi-judicial function. This is clearly explained in Rathkopf, The Law of Zoning and Planning (3d ed. 1964), c. 46, § 2:
"A board of appeals has no power to review its own decision by vacating or rescinding or altering it when made, since its function is quasi-judicial. * * * It may, however, consider a new application for the same relief if either the plans submitted or the condition affecting the property have substantially changed.
*93 The prior denial of a variance is evidence of the arbitrariness of a subsequent grant thereof, where the facts and circumstances are virtually unchanged from those previously existing and no good reason is shown for the change of position." (Emphasis added)
In Hoffman v. Fraad, 130 Misc. 667, 224 N.Y.S. 694 (Sup. Ct. 1927), affirmed 221 App. Div. 841, 224 N.Y.S. 819 (App. Div. 1927) a summary proceeding was brought by a landlord against a tenant and others for the possession of leased premises. From a final order awarding the premises to the tenants, and from an order denying the landlord's motion for a new trial, the landlord appealed. Defendants sought to contest the validity of the orders of the fire commissioner and to defend their position by endeavoring to introduce evidence of a reopening of their appeal, the issuance of a certificate of occupancy, and the approval by the board of standards and appeals, upon the reopening of their appeal, of the plans of the tenants as originally submitted. The court, in reversing and ordering a new trial, stated:
"* * * the board had no jurisdiction to reopen the determination theretofore made by it, or to pass upon the same after it had once decided the tenant's appeal. * * * the board has no power to reopen an appeal once decided." (Emphasis added)
The court further held, at page 702, that the board, having no jurisdiction to reopen the appeal they had once decided, its determination upon such reopening was absolutely void. Moreover, the facts on which the reopening was granted were substantially the same as were before the board which rendered the former decision.
In Heyman v. Walsh, 137 Misc. 278, 242 N.Y.S. 517 (Sup. Ct. 1930), a motion was brought for a peremptory order of mandamus to compel Walsh and others to rescind the reopening of an application for a variance of a building zone resolution. The resolution which denied the application for variation recited that the board "deems that the applicant is not entitled to relief * * *." Nevertheless, application was made for reopening the *94 matter on the very same theory and on the identical facts, with the single exception that the original proposal to extend the building three feet at the front was withdrawn. The court held that the board of standards and appeals was without jurisdiction to reopen the application for variation of the building zone resolution on substantially identical facts. See also Riker v. Board of Standards and Appeals, 225 App. Div. 570, 234 N.Y.S. 42 (App. Div. 1929).
The case of Hall v. Walsh, 137 Misc. 448, 243 N.Y.S. 602 (Sup. Ct. 1927), involved an application for a writ of certiorari against the chairman of the board of standards and appeals. In dismissing the order of certiorari, and in confirming the determination of the board, the court stated:
"The board having decided an appeal has no power to open the matter and rehear it on the same facts. * * * When, however, a new appeal comes to the board from a new ruling, the matter must be passed upon. I am not prepared to hold that in such a case the decision need not consider the prior determination. If the facts and situation were the same in both appeals, the prior decision would seem to be binding and require a similar holding in the later appeal. But if there had been a substantial change the matter would be open for a new determination. Whether there was such a change would be primarily for the board to determine. (at pp. 602, 603; emphasis added)
The case of Bright v. Zoning Board of Appeals of Town of Fairfield, 149 Conn. 698, 183 A.2d 603 (Cir. 1962), was one involving an appeal by property owners from the action of the zoning board in granting an application for a zoning regulation variance allowing a country club to construct a swimming pool and golf course on residentially-zoned land. The court held:
"* * * a zoning board of appeals should not be permitted to revoke its former action unless there has been a change in conditions or new considerations materially affecting the merits of the subject matter have intervened." (At p. 606).
*95 See also Fiorilla v. Zoning Board of Appeals, 144 Conn. 275, 279, 129 A.2d 619. (Sup. Ct. Err. 1957). Among the reasons proffered by the court in support of the above principle was simply that such a practice should be discouraged, since it would permit interested parties to be unduly harassed and injured through being called upon to contest repeated and frequently recurring agitations pertaining to the same subject matter.
The court in Bright, citing the case of Sipperley v. Board of Appeals on Zoning, 140 Conn. 164, 167, 98 A.2d 907 (Sup. Ct. Err. 1953), stated that since the record did not disclose either that there had been a change in conditions or that other considerations materially affecting the merits of the subject matter had intervened and no vested rights had arisen, the board was "impotent to reverse itself." (At page 606).
Black v. Westside Development Company, 106 Ga. App. 378, 126 S.E.2d 901 (Ct. App. 1962), involved a proceeding on application for a zoning variance. An appeal was taken from the grant of a variance by the board of adjustment on a rehearing, and the court held that the board had no authority to grant a rehearing on an appeal to it from denial of a zoning variance.
In Chapmald Realty Corp. v. Board of Standards, 76 N.Y.S.2d 296 (Sup. Ct. 1948), an action was brought to compel respondents to grant petitioner a variation of a zoning resolution so as to permit the use of a certain site for parking and storage of motor vehicles. Respondents moved to dismiss the order of certiorari and to sustain and confirm the determination of respondents' denial of the variation. The court stated that the board of standards and appeals has no power to open a proceeding for a permit for a variation of a zoning resolution and to rehear it on the same facts, unless there was a showing of new or different facts or conditions.
People ex rel. Swedish Hospital v. Leo, 120 Misc. Rep. 355, 198 N.Y.S. 397 (Sup. Ct. 1923), was a case wherein the superintendent of buildings had refused a permit for the *96 erection or extension of a garage. The interveners had appealed to the board of standards and appeals. A committee of that board, appointed for the purpose of examining the premises in question, reported that the appeal should not be granted. Thereafter, a resolution was adopted by a vote of 4-3 affirming the decision of the superintendent of buildings in denying a permit to the interveners. The board of appeals then reopened the proceeding without any reason disclosed by the records. The relator objected to the proceeding on the ground that there was no power in the board to reopen the proceeding after it had been closed by a denial of the application. The court said:
"The question of the right of the board of appeals to rehear an application after it had once been denied is squarely presented upon these applications. This board is a quasi-judicial body. * * * The general rule, therefore is, that such a board is not vested with the power to reopen and rehear a proceeding which has once been terminated." 198 N.Y.S., at p. 399; (emphasis added)
It then went on to say:
"The board of appeals can in no sense act other than in a quasi-judicial capacity. It does not perform a single administrative or legislative act. As its name implies, it is an appellate tribunal. It passes upon matters formally brought to its attention, much the same as courts. It hears evidence and argument, and decides controversies as the evidence dictates. It cannot act without some evidence. The record here shows that it denied this application for good reason and upon sufficient evidence to sustain its conclusion. There was not a scintilla of evidence presented to the board to warrant it in changing its final disposition of this proceeding. Presumably it had thoroughly considered the matter before it. A committee of its members had viewed the premises and they had heard the parties in favor of and in opposition to the application. They acted judicially, and adopted one of the only two courses open to it, namely to grant or deny the application. The judgment of the majority of the board dictated a denial of the application, and its action in so doing should not be again reviewed, because of a whim on the part of some of the members of the board. Were such a course generally followed, there would be no finality to a proceeding." (Ibid., at p. 400; emphasis added)
*97 43 C.J. 356 states as follows:
"Sect. 405 (f) REHEARING. When the board of appeals is considered a quasi-judicial tribunal, the general rule is that such a board is not vested with the power to reopen and rehear a proceeding which has once been terminated, at least in the absence of mistake in the prior proceedings. The power of the board to review the decision or determination of an inferior official, on the motion of one of its members does not confer the power to review, on such motion an appeal once heard or determined by the board."
Miles v. McKinney, 174 Md. 551, 199 A. 540, 117 A.L.R. 207 (Ct. App. 1938), was a proceeding for a permit to erect a gasoline filling station and certain appurtenances in Baltimore City. A protest was filed. An order was issued granting the permit, thereby annulling a previous order of the board of zoning appeals of Baltimore City. On appeal, a motion to dismiss was granted, the court stating:
"* * * the Board has the right to correct errors in its decisions caused by fraud, surprise, mistake or inadvertence which any agency exercising judicial functions must have to adequately perform its duties. Whether it has the right to reconsider its decision in a case which it has heard and decided, reopen the case and try it again, where there is no fraud, mistake, surprise or inadvertence is another question." (199 A. 540, at p. 546; emphasis added)
The court further said that the board had finally decided the case on March 23, 1937 by unanimously voting a resolution which refused the permit and denied the petition, and that it could not thereafter reopen the proceeding. The court held that, viewing the board of appeals as a quasi-judicial tribunal, the general rule is that such a board is not vested with the power to reopen and rehear a proceeding which has once been terminated, at least in the absence of mistake in the prior proceedings. Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of members, or due to influence exerted upon them or other undesirable elements tending to uncertainty and impermanence. (At p. 546; emphasis added).
*98 Thus, after considering the above-cited cases, it would seem that in a situation where the governing body acts in a quasi-judicial capacity, it is not vested with the power to reopen and rehear a proceeding which has once been terminated, at least in the absence of fraud, mistake, or substantial change in the prior proceedings. Otherwise, as the court said in Miles v. McKinnery, above there would be no finality to the proceedings and the result would be subject to change at the whim of the members or due to influence exerted upon them and other elements tending to uncertainty and impermanence. This rule seems to be applicable to the facts in this case.
Plaintiff's main contention is that defendants were without jurisdiction to exercise any power to overturn their previous decision in granting the variance, for the reason that an action was already instituted in the Superior court. Assuming arguendo that the township council did have the right to rescind a variance granted one year previously, this court is of the opinion that such power could not be exercised at the time, due to the fact that a Superior Court proceeding in lieu of prerogative writs was instituted by plaintiffs shortly after April 27, 1964. The institution of that action divested the township council of jurisdiction. The following cases evidence the present law in New Jersey with respect to this matter.
In Kramer v. Board of Adjustment, Sea Girt, 80 N.J. Super. 454 (Law Div. 1963), an action was instituted challenging the validity of a variance recommended by the board of adjustment and granted by the governing body. The court, in holding that the resolution recommending the granting of the zoning variance was void for failure to comply with the Right-to-Know Law, stated that the board's capacity to deal with the matter while it is pending before the court was at best a very limited one. Stated more succinctly, it was the opinion of the court that under the facts of the case, while the suit challenging the validity of the board's recommendation to grant a variance was pending in the Superior Court, *99 the board was without jurisdiction to take further action except on remand by the court. (At p. 463; emphasis added).
The case of In re Plainfield-Union Water Co., 14 N.J. 296 (1954), was one involving a proceeding upon application by a water company for the approval of plans for obtaining additional subsurface water supply. The Water Policy and Supply Council of the State Department of Conservation and Economic Development approved. The objector appealed. The Supreme Court, affirmed the decision, holding that the evidence sustained the council's finding as to the public need for making additional sources of water supply available to the applicant, and that the proper method for doing so was within the province of the council. It said:
"The filing of the notice of appeal invokes the jurisdiction of the appellate tribunal. * * * And, by the same token, the appeal divests the lower court of jurisdiction save as reserved by the statute or rule. [Citations]. Jurisdiction is restored by the mandate of the appellate court, but not in derogation of the judgment of the appellate tribunal embodied therein." (At p. 302; emphasis added)
The following New York cases are pertinent:
In Riker v. Board of Standards and Appeals of the City 225 App. Div. 570, 234 N.Y.S. 42 (App. Div 1929), the New York court was faced with a fact situation similar to the one presented here. The applicant in Riker, supra, was successful in getting approval of his application to build a "use" in a district which was restricted against such use. After the application was approved, a suit was instituted challenging the approval. While the suit was pending, the Board of Appeals which had approved the application decided to reopen the case. This it did, and after a second hearing it rescinded its previous grant of approval. Thereafter the suit was dismissed. After the rescission, the applicant filed a suit challenging the validity of the rescission and the New York court declared the rescission to be unauthorized and void. The court, in so holding, stated the following principles *100 which this court deems applicable to the first issue in the instant case:
"We conclude that the rescission and setting aside of its former decision by the board of standards and appeals was unauthorized and void. The function of that board is a quasi-judicial one, and it is not empowered to review its own decision by vacating or rescinding or altering it when made, and besides, the certiorari order of the Supreme Court had removed the whole proceeding to its jurisdiction and the power of the board of standards and appeals had thereby been terminated.

* * * * * * * *
The board of standards and appeals, after a hearing had, adopted a resolution granting an appeal from the building superintendent and permitted the erection of a business building in a residence district, and this certiorari order sought a review of that decision.

* * * * * * * *
This reopening of the appeal from the superintendent of buildings which the board had once decided, and their determination upon such reopening were absolutely void. No section of the statute defining the board's powers gives it any authority so to act as to effect a review or rescission of its own prior decision, except when additional facts are presented. The jurisdiction of the board by its statutory mandate is limited to hearing and determining appeals. When quasi-judicial bodies act under their granted powers, their determination is final unless reversed by a superior body." (At pp. 43, 44).
In Watkins v. Gormley, 59 N.Y.S.2d 747 (Sup. Ct. 1945), an application was made pursuant to Article 78, Civil Practice Act to review a determination of the respondents, constituting the local planning board, made at a special meeting rescinding a resolution it had passed at a special meeting held a month before.
Petitioner contended that the planning board was without authority to reopen the matter and rescind its first resolution. In dealing with that contention, the court announced the following rule:
"Unless new conditions have arisen since the first determination so as to constitute the application for reconsideration as based virtually upon a new state of facts, the Board of Appeals has no right to reopen the proceedings and set aside its former decision." (at p. 749) *101 Petitioner argued that jurisdiction of the entire matter was removed to the Supreme Court by the order of certiorari which was issued to review the granting of the resolution. In answer to this, the court quoted the Riker case and said:
"* * * the certiorari to review a decision of the Board removes the entire proceeding from its jurisdiction and terminates the powers of the said Board." (at p. 749; emphasis added)
Accordingly, the court granted the petition, thereby rescinding all acts, determinations and resolutions of the board.
Therefore, on the basis of the facts in this case and considering all of the applicable law, it is the opinion of this court that defendants' action in reconsidering and rescinding a variance previously approved for plaintiff is void and without effect. The court is of the further opinion that the defendants' action is null and void for the further reason that the institution of the proceeding in lieu of prerogative writs in the Superior Court shortly after April 27, 1964 divested the township council of jurisdiction.
The validity of the variance in the first instance will now be considered.
[The court reviewed the record and concluded that the board's recommendation and the governing body's grant of a variance was arbitrary, capricious and unreasonable under N.J.S.A. 40:55-39(d), and reversed.]