122 N.J. Super. 78 (1973)
298 A.2d 730
WILLIAM R. KUHLMAN, PLAINTIFF,
v.
THE TOWNSHIP COUNCIL OF EVESHAM ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 2, 1973.
*80 Appearances:
Messrs. Hartman, Schlesinger & Schlosser (Mr. Robert A. Porter appearing) attorneys for Plaintiff.
Mr. D. Neil Manuel, attorney for defendant Evesham Township Council.
Mr. John F. Vassallo, Jr., attorney for defendant Evesham Township Zoning Board of Adjustment.
Messrs. Ballen, Batoff & Laskin (Mr. Lee B. Laskin, appearing), attorneys for defendant Thomas O. Marini.
*81 WOOD, A.C., J.C.C., Temporarily Assigned.
Thomas O. Marini is the owner of a tract of land containing approximately eight acres, situate on Green Tree Road in the Township of Evesham, Burlington County. The tract is a district designated by the zoning ordinance as an R-1 Residence District. Permitted uses for such district are set forth in section 400 of the ordinance and include among others, the following:
* * *
(2) Single-family detached dwelling.
(3) Public, private and parochial education institution
(4) Hospital or sanitarium when authorized as a special exception.
On December 20, 1971 Marini, following proper notice in accordance with N.J.S.A. 40:55-44, made application to the zoning board of adjustment for a variance under N.J.S.A. 40:55-39 (d) to permit the construction on a four-acre portion of said tract of a medical office building capable of accommodating the offices of four doctors. The application was considered by the board of adjustment at its meetings of December 20, 1971, January 17, 1972 and February 21, 1972. At the meeting of February 21, 1972 the board adopted a resolution, incorporating therein findings of fact and conclusions and recommending to the township council that such variance be granted, subject to certain conditions.
The recommendation was presented to the township council and a resolution for the approval of the recommendation was introduced at the meeting of the council held March 21, 1972. It does not appear that defendant Marini had any notice of that meeting. Cf. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 418 (1961). A very brief discussion followed in which one councilman (plaintiff herein) objected that the recommendation did not disclose the use of the remaining four acres of the tract and, further, that the land would be better used for a public park. The council then voted 4-0 against adoption of the resolution of approval.
*82 By letter dated March 23, 1972, addressed to Jack Higgins, chairman of the zoning board of adjustment, the township clerk advised the board of the action of the council, giving as the "reason for the non-approval" the failure of the board's findings of fact and conclusions of law to "stipulate what the petitioner intends to do or how he intends to use the remaining 4 1/2 acres."
Thereafter, on April 14, 1972, Lee B. Laskin, attorney for the petitioner Marini, addressed to D. Neil Manuel, attorney for the Township of Evesham, a letter pointing out that the variance was only applied for as to four acres of the tract; that the remaining four acres, located in a residential zone, would remain subject to all the applicable restrictions on the use thereof provided by the zoning ordinance. The letter indicated the belief that the action of the council was the result of a "misunderstanding" and requested reconsideration of the matter by the council.
On May 2, 1972 the council, at its regular meeting, considered the above letter. It thereupon by a vote of 3-1 voted to reconsider the "Marini variance," and thereafter, after brief deliberation, voted by the same division to "approve the variance."
Thereafter Marini applied to the township planning board for approval of a subdivision to set off the four-acre tract upon which the proposed building is to be erected. The planning board, on June 11, 1972, approved the application. Cf. Loechner v. Campoli, 49 N.J. 504, 512 (1967).
The present plaintiff, the dissenting member of the township committee, thereupon instituted this in lieu proceeding, seeking to set aside the action of the township council's granting the variance and to reinstate the council's action denying same.
Plaintiff predicates his suit upon three grounds. He first argues that the governing body did not take action within the time limited by N.J.S.A. 40:55-39.1. That statute provides:
*83 Whenever a board of adjustment shall recommend the granting of a variance, pursuant to Revised Statutes 40:55-39d, the governing body or board of public works shall take action upon such recommendation within 60 days of receipt thereof by the municipal clerk or within such further time as the applicant may agree to, and, upon the failure of the governing body or board of public works so to do within said time, the recommendation shall be deemed to have been disapproved as though a resolution to that effect had been adopted.
The exact date on which the municipal clerk received the recommendation from the township council is not disclosed. However, it is clear that the council originally considered the matter on March 21, 1972, exactly one month after the meeting of the zoning board of adjustment at which the favorable recommendation was adopted. The council did indeed "take action" on the recommendation within the time limited by the statute. The action taken at that time was a vote rejecting a resolution to approve the recommendation. It is to be noted that the council did not then adopt a resolution disapproving the recommendation.
The applicant thereupon, through his attorneys, undertook to clear up what he conceived to be a "misunderstanding" on the part of the township council and to request reconsideration of its action. That request was considered and the resolution approving the recommendation adopted at the council meeting of May 2, 1972.
Plaintiff argues that the latter resolution, not having been adopted within 60 days after receipt of the recommendation by the municipal clerk, was beyond the power of the council and therefore void. The argument loses sight of the statutory proviso that the action is to be taken within such period "or within such further time as the applicant may agree to." Here the applicant clearly, by his request for reconsideration, may be said to have "agreed to" a reasonable extension of time. The statute does not require agreement by anyone else for an enlargement of time, and this is reasonable since it is the applicant who is directly affected thereby and may suffer from the inaction or negative action by the governing body. I conclude under the circumstances that the action taken *84 was within the time limitations set forth in N.J.S.A. 40:55-39.1.
Plaintiff next contends that the recommendation of the board of adjustment was not based on proper findings of fact and conclusions founded upon "substantial evidence in the record," and that the approval thereof by the township council was therefore void.
It is fundamental that the action of a zoning board of adjustment in either approving or disapproving an application for a variance under N.J.S.A. 40:55-39(c) or (d) must be based upon adequate findings of fact which must, in turn, be supported by substantial evidence contained in a proper and adequate record of the proceedings before the board. Gougeon v. Stone Harbor, 52 N.J. 212, 219 (1968); Kempner v. Edison Tp., 54 N.J. Super. 408, 417 (App. Div. 1959). In the present case the board of adjustment adopted a resolution recommending the granting of the variance sought, following consideration of the application by the board at three meetings held December 20, 1971, January 17, 1972 and February 21, 1972. At the meetings of December 20, 1971 and January 17, 1972 considerable testimony was heard both from the applicant and from other interested persons. An examination of the minutes of those meetings satisfies me that the evidence, if not stenographically reported, was nevertheless recorded with sufficient accuracy and detail to furnish an adequate basis for action by the board. The resolution based thereon sets forth findings of fact which adequately support the conclusions reached by the board that special reasons exist for the granting of a variance to permit the construction of the proposed medical facility in the residential district in question. Moreover, it was well within the board's discretion to find, as it did, on the evidence presented, that the "negative criteria" of N.J.S.A. 40:55-39 were established, i.e. that
* * * [the relief sought] can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance.
*85 I conclude that the resolution of the zoning board of adjustment recommending the grant of the variance sets forth fully adequate findings of fact and conclusions of law, based on an adequate evidential record, and that it should not be disturbed. cf. Kramer v. Bd. of Adjust., Sea Girt, 45 N.J. 268, 296-297 (1965).
It should, of course, be noted that it is the resolution of the governing body and not the recommendation of the board which is the final act of the local authority from which the right to judicial review arises. Where a recommendation is made by a zoning board of adjustment under N.J.S.A. 40:55-39(d), the correctness of the action of the governing body is also to be judged upon the basis of the record taken before the board of adjustment. Kempner v. Edison Tp., supra. Here the evidence supporting the recommendation by the board was such that, had the action of the township council rejecting the resolution to approve the recommendation been the final action, it might well have been set aside as arbitrary and capricious. However, the final action of the township council was to approve the recommendation. For all the reasons stated the court considers that action proper.
Plaintiff finally argues that the township council, having rejected the resolution of approval, could not legally reconsider its action and approve same. In support of this contention the plaintiff relies on Morton v. Mayor, & etc., Clark Tp., 102 N.J. Super. 84 (Law Div. 1968). In that case an application was made to the board of adjustment for a variance under N.J.S.A. 40:55-39(d) for the building of a garden apartment. The board of adjustment recommended the granting of a variance and the township council adopted a resolution approving the recommendation and granting the variance. Certain citizens thereupon instituted an action attacking the grant, and the owner-applicant intervened. One year and a day after the granting of the variance the council, with new members (an election having intervened), gave notice of review and reconsideration, held a public hearing, and thereafter rescinded the grant of the *86 variance. The Law Division judge held that the rescission was improper and beyond the power of the council. While acknowledging the inherent right of administrative reconsideration as set forth in Mackler v. Board of Education, Camden, 16 N.J. 362 (1954), he noted that there is no provision in the statutory scheme for the initiation of reconsideration hearings either on the part of the applicant or the municipal governing body.
The present case is distinguishable from Morton, supra, in several respects.
In the first place, the rescission was of a resolution granting a variance, whereas here the reconsideration was of a vote rejecting a resolution of approval. In the second place, the governing body's action in Morton, came more than a year after its original action, and while litigation arising out of that action was pending. In the present case the township council reconsidered its first vote and adopted the resolution granting the variance less than two months after its original vote.
Thirdly, and most importantly, the action of the governing body in Morton, was a final action granting a variance, whereas in the present case the council's vote against the resolution of approval cannot be said to have been a final action. The council's vote was simply a negative vote on that resolution approving the recommendation as presented. No resolution disapproving the recommendation was presented or adopted.
The power of an administrative or governmental agency to reconsider and revise prior administrative determinations so long as it retains control of the proceedings and rights have not vested, is an inherent power. Mackler v. Bd. of Education, Camden, supra; In re Plainfield-Union Water Co., 14 N.J. 296, 305 (1954). In this case the township council clearly retained control of the proceedings. The negative vote on the resolution was not a disapproval or denial of the variance. It was taken because the council deemed that there were certain unanswered questions, possibly *87 requiring further findings of fact. These questions being resolved, it was within the inherent power of the council, even in the absence of specific statutory authority, to reconsider the matter and approve the zoning board's recommendation. This is the more apparent because no rights were vested or positions changed as a result of the first vote.
As previously stated, a final rejection of the variance by the council, in view of the strong factual and evidential support undergirding the recommendation of the board of adjustment, would, in the opinion of this court, have been arbitrary and capricious. To deny to council the right to reconsider its earlier vote would be to nullify the proceeding and to require the parties to start again from the beginning in a situation where the facts have been found and conclusions reached after full and fair consideration, and where it is highly unlikely that any more or better or clearer evidence would be produced. This would, in its resultant unnecessary expenditure of time and money, be unfair and inequitable to all concerned. This court does not consider that the law requires such multiplication of effort.
For the reasons stated, judgment will be entered dismissing the complaint. No costs.