## VIRGINIA THOMPSON *v.* EMPLOYMENT SECURITY ADMINISTRATION

[No. 484, September Term, 1976.]

*Decided February 4, 1977.*

The cause was argued before THOMPSON, MOYLAN and LISS, JJ.

*Cleopatra Campbell* for appellant.

*Joel J. Rabin, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Lois F.*

*Lapidus, Assistant Attorney General,* on the brief, for appellee.

Liss, J., delivered the opinion of the Court.

This appeal by Virginia Thompson, appellant, arises out of a decision by the Circuit Court for Frederick County (Barrick, J., presiding), affirming a finding and order of the Board of Appeals of the Employment Security Administration, Maryland State Department of Human Resources. That order directed that, because of her gross misconduct, the appellant be disqualified from unemployment insurance benefits until such time as she became re-employed and earned at least ten times her weekly benefit amount.

The appellant had been employed as a presser by Me Guesta Mills, located in Brunswick, Maryland, and was discharged by the company. As a result of the discharge, the appellant filed a claim for unemployment benefits. The employer objected to the payment of the benefits and raised the issue that appellant had been discharged for misconduct connected with her work within the meaning of § 6 (c) of Article 95A of the Annotated Code of Maryland (1957, 1969 Repl. Vol.). The initial determination in the case was made by a Claims Examiner who found that the appellant was discharged for misconduct connected with her work, and the appellant was denied certain benefits under the Act. An appeal was noted by appellant, and a hearing was held before a Hearings Officer. At that hearing, the appellant did appear but the employer did not; the Hearings Officer reversed the decision of the Claims Examiner and allowed benefits to the claimant. From that decision the employer appealed, and a hearing to take testimony in the case was set before a Special Examiner delegated by the Board of Appeals of the Agency.

After that hearing before the Special Examiner (September 18, 1975), the Board of Appeals on October 10, 1975, issued a decision in which it found that the claimant was discharged from her employment but for reasons other than misconduct connected with her work within the

meaning of § 6 (c) of the Maryland Unemployment Insurance Law. It also found that the issue in the case had become moot from a monetary standpoint because the claimant had already received the 26 weeks' benefits to which she was entitled.

Our examination of the record fails to disclose a transcript of the September 18, 1975 hearing before the Special Examiner; nor, so far as we have been able to determine, was there any such transcript available to the Board of Appeals when its initial decision of October 10, 1975 was rendered. At oral argument in this case, counsel for the Agency advised us that no such transcript existed and that no testimony was taken from the employer's witnesses at that hearing because of a failure of the recording equipment. Counsel for the appellant, who was present at that hearing, professed no recollection of the circumstances of that hearing but conceded that no transcript was available and that no witnesses testified on behalf of the employer. When the employer received the October 10th decision, a representative of the company called the Agency, complained of the unusual circumstances of the Special Examiner's hearing, and requested a rehearing. In response to this complaint, the Board of Appeals on October 16, 1975, notified in writing the employee, the employer, and employee's counsel that the Board had decided to rescind its decision of October 10, 1975. It further notified the parties that the employer would be given the opportunity to present any evidence to prove its allegation that the claimant was discharged for reasons which would warrant the imposition of either § 6 (b) or (c) of the Unemployment Insurance Law: § 6 (b) provides for a disqualification of benefits for gross misconduct; § 6 (c) provides for a denial of benefits for misconduct.[1]

On October 28, 1975, a rehearing was held before the Special Examiner at which all parties appeared and were heard, and a transcript of that hearing was furnished to the

---

1. It is not necessary to discuss the distinction between misconduct and gross misconduct, as appellant raised no issue as to whether the Board was factually correct in its determination that the appellant was discharged for gross misconduct; nor was that issue briefed or argued before us.

Board of Appeals. On November 7, 1975, the Board reversed the decision of the Hearing Examiner and found that the claimant was discharged for gross misconduct connected with her work within the meaning of § 6 (b) of the Unemployment Insurance Law of Maryland. An appeal was filed to the Circuit Court for Frederick County and after a hearing, the trial court affirmed the decision of the Board of Appeals. It is from the judgment of that court that this appeal was timely filed.

Appellant's brief recites four issues to be determined, but for convenience of decision we believe they may be combined into two issues: first, did the Board of Appeals have authority to rescind its October 10, 1975 decision and order a new hearing?; and second, did the appellant receive adequate notice of the rescission of the original decision and the consideration of the gross misconduct issue at the subsequent hearing on October 28, 1975? We shall answer both questions in the affirmative and uphold the judgment of the court below.

Appellant in her brief and in her argument has furnished us with an exhaustive legislative history of § 7 (f) of Art. 95A, the portion of the law which is applicable to the problem in this case and which provides in part:

> "The Board of Appeals shall promptly notify the parties to any proceeding before it of its decision, including its findings and conclusions in support thereof, and such decision shall be final within ten days after the mailing of notice thereof to the party's last known address or, in the absence of such mailing, within ten days after the delivery of such notice, and judicial review thereof shall be permitted the claimant or any interested party claiming to be aggrieved thereby as provided in subsection (h) of this section. . . ."

Appellant argues that because of the several amendments made to subsection (f) by the Legislature, confusion and conflict have been created between it and Maryland Rule B4

(a), which requires that an appeal be filed within 30 days.[2] She further contends that as § 7 (f) does not give the Board of Appeals explicit authority to rescind its findings, it is the common law rule which applies and, therefore, the Board may reconsider its decisions only if it finds error caused by fraud, surprise, mistake, or inadvertence.

We find no conflict between § 7 (f) and Maryland Rule B4 (a). We do not have before us a situation in which notice of appeal of the Board's decision was filed in the 10-day period and the Board then sought to rescind its finding. "Sufficient unto the day is the evil thereof." [3] We will face that problem if and when it arises. We believe it was the intention of the Legislature to permit the Board in the exercise of its quasi-judicial powers to retain control of its decisions for the 10-day period specified; we can conceive of no other purpose for the 10-day provision. Even if arguendo we agree that the Board's authority to revise or rescind its decisions is found in the common law, we believe that the facts in this case justify the Board's action in rescinding its previous decision and setting the case for a rehearing. Certainly the Board was required to have before it the employer's evidence before reaching its decision; to deny the employer the right to be heard would have been at best arbitrary and capricious.

Our Court of Appeals had before it a similar situation in *Redding v. Board of County Commissioners for Prince George's County, Maryland,* 263 Md. 94, 282 A. 2d 136 (1971); and the Court at page 111 stated the rule as to reopening of an administrative decision:

> "The common law rule in regard to the power of an administrative body acting in a quasi-judicial capacity is therefore applicable. Our predecessors

**2.** Rule B4 (a) provides: "An order for appeal shall be filed within thirty days from the date of the action appealed from, except that where the agency is by law required to send notice of its action to any person, such order for appeal shall be filed within thirty days from the date such notice is sent, or where by law notice of the action of such agency is required to be received by any person, such order for appeal shall be filed within thirty days from the date of the receipt of such notice."

**3.** *The Bible,* New Testament, Matthew, Chapter 6, Verse 34.

in *Zoning Appeals Board v. McKinney*, 174 Md. 551, 564-566, 199 A. 540, 546-547 (1938) indicated that in that type of situation, the administrative body has the right to reconsider a decision if an error has been caused by fraud, surprise, mistake or inadvertence."

Similar to the case *sub judice* is *Mackler v. Board of Education of City of Camden*, 16 N. J. 362, 108 A. 2d 854 (1954); there the Board ordered a reopening of a case to correct a mistake. The Court said at page 369:

"The argument on this point is that it was improper for the board to reopen its case and rehear the testimony of witnesses. No authorities are cited. We know of no vested right in a defendant to prevent a reopening of a case or a hearing for the taking of evidence. The board realized it had made a mistake in not insisting that all its members or a quorum thereof hear all of the evidence, and in our judgment it took the only proper course when it ordered that the testimony be repeated for the benefit of those who had been absent. The defendant's fundamental rights were not infringed upon. 'Administrative determinations are subject to reconsideration and revision by the agency itself, and a rehearing and the taking of new evidence to that end, so long as it retains control of the proceeding and rights have not vested. This is an inherent power. . . .' There was no denial of a fair hearing in the procedure adopted." (citations omitted).

Obviously, the Board of Appeals acted mistakenly when it rendered its original decision without having before it the testimony of the employer's witnesses. Once the error was called to its attention, however, the Board acted properly in rescheduling the hearing in order to give all parties an opportunity to be heard.

The second issue as stated *supra* concerns the notice of

rehearing sent to the claimant. We find nothing objectionable in that notice: It clearly states the Board's decision to rescind its previous finding; it indicates that the employer will be given an opportunity to present its evidence as to the justification for the imposition of penalties under either subsection (b) or (c) of § 6 of the Unemployment Insurance Law; and the date, time, and place of the hearing were furnished to the claimant and her attorney, who were present at the rehearing. They raised no issue at that time regarding the validity of the notice or the scope of the hearing; they presented their evidence and were heard in argument. Even if there had been a defect in the notice, it would have been effectively waived by the claimant's active participation in the hearing.

Appellant also complains that the Board of Appeals did not have the authority to add a consideration of gross misconduct when the issue as previously considered was only misconduct. Section 7 (f) answers this complaint. It states in part:

> "Upon review on its own motion or upon appeal, the Board of Appeals may on the basis of the evidence previously submitted in such case, or upon the basis of such evidence as it may direct be taken, affirm, modify or reverse the findings and conclusions of the referee or special examiner." [4]

No issue as to the sufficiency of the evidence of gross misconduct has been raised. That finding is clearly

---

4. We call attention to the heavy bureaucratic overlay evident in disposing of disputed claims for benefits under the Maryland Unemployment Insurance Law. We note that in this case the parties were bounced from the local claims examiner to the hearing examiner (referee), to a special examiner, to the Board of Appeals, to the Circuit Court, to our Court, and, perhaps, if certiorari is granted, to the Court of Appeals. We are advised that the two tier administrative appeal level is not required by the Federal statutes, so that any unnecessary bureaucratic overkill must be laid at the door of the Legislature. We call this situation to the attention of the legislative leaders for such action as they may deem appropriate.

supported by substantial evidence and should, therefore, be affirmed. *Employment Security Board v. LeCates*, 218 Md. 202, 145 A. 2d 840 (1958); *Barley v. Maryland Department of Employment Security*, 242 Md. 102, 218 A. 2d 24 (1966).

*Order affirmed.*
*Costs to be paid by appellant.*