54 N.J. Super. 408 (1959)
149 A.2d 251
BENJAMIN KEMPNER, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF EDISON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THE BOARD OF COMMISSIONERS OF THE TOWNSHIP OF EDISON, THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF EDISON, AND GEORGE H. THOMPSON, BUILDING INSPECTOR OF THE TOWNSHIP OF EDISON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1959.
Decided March 2, 1959.
*412 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Herbert W. Weissberger argued the cause for appellant, Mr. Martin A. Spritzer on the brief (Messrs. Gross, Weissberger & Spritzer, attorneys).
Mr. Israel H. Saltman argued the cause for respondents (Mr. Christian J. Jorgensen, attorney).
The opinion of the court was delivered by HANEMAN, J.A.D.
Plaintiff appeals from a judgment of the Law Division dismissing his complaint in lieu of prerogative writs.
Plaintiff is the owner of lots 11 through 16, inclusive, in Block 663 as shown on the zoning map of the Township of Edison. This land, under the zoning ordinance, is located in residence zone B. Permitted uses are those permitted in residence zone AA, i.e., single family dwellings, places of worship, public parks, schools, country clubs and non-commercial agriculture or horticulture uses, plus multiple family dwellings, rooming houses, boarding houses, or tourist homes.
On May 27, 1957 plaintiff applied to the building inspector of the township for a permit to erect a building for use as a restaurant and cocktail lounge. The dimensions of the *413 proposed building were approximately 75 x 100 feet; its seating capacity approximately 125 to 150 persons. Upon denial of this application, plaintiff appealed to the board of adjustment seeking a use variance under N.J.S.A. 40:55-39, subd. d. No stenographic record was made of the proceedings before the board of adjustment, nor were any minutes of the proceedings kept by said board. After the hearing the board of adjustment adopted a resolution which reads, in part:
"* * * a public discussion was held and several of the affected property owners appeared and objected and others appeared in favor of granting a variance.
Whereas, the appellant appeared and presented testimony which indicates that because of unusual circumstances he is compelled to vacate his present place of business, conditions beyond his control; and
Whereas, the appellant further testified that he is the owner of said property and to deny the appeal would result in peculiar and exceptional practical and financial difficulties to and undue hardship upon the appellant; and
Whereas, the Board of Adjustment has inspected the premises and are familiar with the location; and
Whereas, the Board is inclined to the belief that this property is not best suited for residential purposes, being located adjacent to a railroad; and
Whereas, the Board is further inclined to believe that a variance can be granted without detriment to the public good and without impairing the intent of the Zone Plan of the Township of Edison; and
Whereas, it is the opinion of the Board of Adjustment that the proposed construction and use will not be a detriment to the value of the surrounding properties; * * *."
The Board of Commissioners of Edison Township rejected the recommendation of the board of adjustment at a meeting held on September 11, 1957. The resolution of the board of commissioners, denying the variance, reads:
"Whereas, an appeal was filed with the Board of Adjustment of the Township of Edison by Town and Country Restaurant and Cocktail Lounge and Benjamin Kempner, as owner, for a variance from Section 6, Paragraph A of the Edison Township Zoning Ordinance to permit the erection and use of a Restaurant and Cocktail Lounge building approximately 75 ft. by 100 ft. in a Residence `B' *414 zone on property situated on the northwesterly side of Lincoln Highway, Route No. 27 and designated as Block 663, Lots 11-16 inc. as shown on the Edison Township Tax Map; and
Whereas, the Board of Adjustment has recommended to the Board of Commissioners of the Township of Edison that a variance be granted to permit the aforesaid building and use; and
Whereas, the Board of Commissioners have given careful consideration to this recommendation and have made a study of the neighborhood, sanitary facilities, and other important conditions relating thereto; and
Whereas, in the opinion of the Board of Commissioners the granting of this variance would not be in the best interest of the Township of Edison and the immediate neighborhood affected and would be in violation of the existing zoning ordinance;
Now, therefore be it resolved by the Board of Commissioners of the Township of Edison that the recommendation of the Board of Adjustment be and it is hereby rejected and the appeal of Town and Country Restaurant and Cocktail Lounge and Benjamin Kempner be and it is hereby denied."
Plaintiff seeks (1) to invalidate the zoning ordinance of Edison Township on the grounds that it restricted the use of his lands in an arbitrary and unreasonable manner, and (2) to reverse the action of the Board of Commissioners of Edison Township in denying him the variance. He thereafter proceeded, both by way of pretrial depositions and testimony in open court, to adduce proof in substantiation of the allegations of his complaint and of a case for a use variance.
Plaintiff relies upon various maps which were admitted as exhibits before the Superior Court to demonstrate that the zoning ordinance is invalid. He argues that the zoning ordinance violated established precepts in that it lacks uniformity and equality by the inclusion of his lands in residence zone B, as there is no real difference between his lands and other lands similarly situate which are zoned for business use. Plaintiff also contends that the zoning ordinance provides for spot zoning.
Plaintiff's property is located along the northwesterly side of N.J. Route 27. That side of Route 27, with an exception noted below, is zoned for residential use. Our attention is invited, first, to properties on the side of Route 27 opposite *415 to his lands. Directly opposite his property and abutting the highway for a distance of approximately 2,100 feet is a section of a main line of the Pennsylvania Railroad Company. Approximately 300 feet northwardly of plaintiff's property is a triangular shaped tract of land. That property is bounded on two sides by main highways and on the third side by the railroad right of way. That property does not abut Route 27. It is zoned for light industrial use. Approximately 500 feet southwardly of plaintiff's property is another triangular shaped tract. This tract fronts on Route 27 for a distance of approximately 4,000 feet. It is bounded on its remaining two sides by the railroad right of way and the township line. It is zoned for general business uses. At least one manufacturing plant is located in this area. Its situs is approximately 500 feet from that of plaintiff's property. Plaintiff alleges that the failure of the commissioners to strip zone both sides of Route 27 is discriminatory. Second, he invites our attention to a location abutting Route 27 for a distance of approximately 700 feet along the same side of the highway as is his property. This location is at a point distant southwestwardly from his property approximately 2,100 feet. It is zoned for general business uses. Present business uses in that area include a garden supply business and a gasoline service station. He cites this as a further example of discriminatory action.
It must be recognized that spot zoning violates the statutory principles of the zoning act, Moriarty v. Pozner, 21 N.J. 199 (1956); Rockhill v. Chesterfield Township, 23 N.J. 117 (1957), and that the N.J. Const. of 1947, Art. IV, § VI, par. 2, demands a classification under zoning ordinances that is uniform and equal and which rests on real and not feigned differences. It is basic in use-zoning that the use restriction be general and uniform in the particular district and that there be no arbitrary discrimination between persons similarly circumstanced. See Rain or Shine Box Lunch Co. v. City of Newark Board of Adjustment, 53 N.J. Super. 252 (App. Div. 1958). However, it is not *416 necessarily a fatal defect in the ordinance if the classification be wanting in purely theoretical or scientific uniformity or mathematical nicety, or if there be some inequality in practice. Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405 (1952).
A zoning ordinance, properly adopted, which is reasonably designed, by whatever means, to further the advancement of a community as a social, economic and political unit, is deemed to be in the general welfare and thus a proper exercise of the police power. A presumption of validity attaches to such an ordinance. Schmidt v. Board of Adjustment of City of Newark, above; Lionshead Lake, Inc. v. Township of Wayne, 10 N.J. 165 (1952), appeal dismissed 344 U.S. 919, 73 S.Ct. 386, 97 L.Ed. 708 (1953).
Examination of the record demonstrates that plaintiff failed to carry the burden of proving the invalidity of the ordinance for any of the foregoing reasons.
The record made before the board of adjustment is the record upon the basis of which the correctness of the action of the board is to be determined. Dolan v. DeCapua, 16 N.J. 599 (1954); Beirn v. Morris, 14 N.J. 529 (1954). Its findings of fact must be supported by what is there shown. Stolz v. Ellenstein, 7 N.J. 291 (1951). While the board may also rely upon its inspection of the property, if it does so it must state for the record the facts disclosed to it. Dolan v. DeCapua, supra, 16 N.J. at page 610; Rain or Shine Box Lunch Co. v. City of Newark Board of Adjustment, supra.
We turn, then, to an examination of the action of the board of adjustment and of the commissioners of Edison Township. As noted above, we do not have the benefit of a stenographic record nor of the minutes of the proceedings before the board of adjustment. The sole record of the proceedings before the board of adjustment consists of the resolution above quoted. It is self-evident that this resolution contains no recital of the evidence adduced before the board.
*417 The resolution of the governing body and not the recommendation of the board is the final act of the local authority from which the right to judicial review arises. Where a recommendation is made by a zoning board of adjustment under N.J.S.A. 40:55-39, subd. d, the correctness of the action of the governing body is also to be judged upon the basis of the record taken before the board of adjustment. The record made before the board is essential to an enlightened determination by the governing body. Because the record made before the board of adjustment may contain the sole factual recital and must embody the findings of fact and the conclusions drawn therefrom upon which the variance has been recommended, it retains its importance on judicial review. Dolan v. DeCapua, supra, 16 N.J. at page 612; and see Tomko v. Vissers, 21 N.J. 226, 235, 236 (1956).
In order to determine whether the action of the governing body in refusing to accept the recommendation of the board of adjustment was reasonable under the circumstances, it is essential that a record of all proceedings be perpetuated in some form and presented to the Superior Court in connection with an appeal from that refusal. Dolan v. DeCapua, supra (16 N.J. 599); Tomko v. Vissers, supra (21 N.J. 226). The receipt of testimony before the Superior Court, such as here, is no substitute for one of the procedures outlined above. As a general rule, matters dehors the record of proceedings before the board of adjustment may not be considered by the appellate court. Beirn v. Morris, supra (14 N.J. 529); Dolan v. DeCapua, supra (16 N.J. 599); Izenberg v. Board of Adjustment of City of Paterson, 35 N.J. Super. 583 (App. Div. 1955).
It may also be observed that the findings by the board of adjustment were not adequate. There is only one finding of fact, that as to the absence of detriment to the value of other properties. There are no findings "affirmatively explicative" of the promotion of any of the zoning objectives under the statute. Skaf v. Zoning Board of Adjustment of City of Asbury Park, 35 N.J. Super. 215, *418 222 (App. Div. 1955). Findings as to what the board is "inclined" to believe are no findings at all. Moreover, the facts determined on the personal inspection by the board are not disclosed.
In the light of the foregoing, we find ourselves unable to pass upon the disapproval of the variance by the Board of Commissioners of Edison Township.
In other circumstances we might remand this matter to the board of adjustment and have them settle the record of proceedings had before it, reconsider the application in light of that record and make proper and necessary factual determinations and findings. However, we are advised by counsel that the membership of the present board is completely different from that which heard the application. Under the circumstances, we feel that justice will be best served by remanding the entire cause to the board of adjustment for a de novo hearing, as though on original application, a consideration of the matter on the proofs adduced at the new hearing, and proper findings based on the proofs so adduced. Such rights to review as are accorded to parties under the applicable law shall be preserved. Especial precautions should be taken to see that a proper record of all proceedings is made in accordance with the statutory and case law. See R.S. 40:55-38; N.J.S. 2A:84-1 and 2; Dolan v. DeCapua, supra (16 N.J. at page 612); Tomko v. Vissers, supra (21 N.J. at page 238); Beirn v. Morris, supra (14 N.J. 529); Izenberg v. Board of Adjustment of City of Paterson, supra (35 N.J. Super. 583).
The governing body may view the premises prior to reaching a conclusion on the wisdom of approving the recommendation of a variance; however, the facts disclosed upon such an investigation must be stated in any resolution thereafter adopted.
For the guidance of the respective municipal bodies we suggest the following:
Requirements of fair play dictate that the parties be given an opportunity to offer further evidence or argument upon facts disclosed to the governing body by its *419 independent investigation of the property. As the Legislature has consigned to the board of adjustment the function of determining, in the first instance, whether the variance should be granted, it is proper in such cases that the matter be sent back to the board of adjustment for further consideration upon the case as expanded by the additional facts discovered by the governing body. The parties should be accorded the opportunity, on due notice, to present such further proofs or argument as they may desire to present on the issues raised thereby. It may well be that the board of adjustment will, upon a review and hearing of the new matter, reach a determination contrary to that reached at the first hearing. In any event, the governing body and the court will have the benefit of a full and complete record of all matters touching the application, the benefit of the expertise of the board of adjustment, to whom such matters are legislatively consigned in the first instance, and the parties will have been accorded an opportunity to a full and complete hearing on the merits of their application.
Reversed and remanded for proceedings consistent with the foregoing.