106 N.J. Super. 303 (1969)
255 A.2d 781
JOEL ROGOFF, IRA EHRENKRANZ AND JACK P. DONIS, PLAINTIFFS-APPELLANTS,
v.
JAMES F. TUFARIELLO AND TOWN COUNCIL OF THE TOWN OF WEST ORANGE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 7, 1969.
Decided July 1, 1969.
*305 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Saul A. Wolfe argued the cause for appellants (Messrs. Skoloff and Wolfe, attorneys).
Mr. Max Sherman argued the cause for respondent Tufariello (Mr. Sherman and Mr. Barry M. Hoffman, on the brief).
Mr. Louis Lando filed a statement in lieu of brief on behalf of respondent Town Council of the Town of West Orange.
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs, residents and taxpayers of the Town of West Orange, sought in this action in lieu of prerogative writs to set aside the granting of a variance by defendant Town Council of West Orange to defendant Tufariello. They appeal from an adverse judgment.
Tufariello is the owner of a 7.6-acre tract of land located at 572 Mt. Pleasant Avenue, West Orange. The tract extends southerly from Mt. Pleasant Avenue for a distance of 750 feet and easterly from Summit Street for a distance of 400 feet. Consisting of 22 lots and situated in an R-4 residential zone, it is bounded by Mt. Pleasant Avenue, a heavily travelled thoroughfare, to the north, Summit Street to the west, the 35-acre Kessler Institute for Rehabilitation and the six-acre Redwood Manor Nursing Home to the south, the 20-acre Daughters of Israel Home for the Aged to the southeast and four residential properties to the east. South of the Kessler Institute, situated on a 60-acre tract, is the United States Armory. A short distance west of Summit Street, across a vacant lot, is the West Orange dump and *306 incinerator. Directly across Mt. Pleasant Avenue are six houses.
Although the major portion of the property lies on a plateau, the land slopes downward approximately 80 feet in an easterly direction. There is a sheer rock formation, approximately 30 feet high, running along the northern edge of the property. In the northwest corner is a pinnacle of rock extending 20-25 feet above Mt. Pleasant Avenue. The westward edge of the tract slopes downward from the pinnacle until it becomes level at the southwest corner of the tract.
On September 25, 1964 defendant applied to the West Orange Building Inspector for a permit to construct a 100-unit garden apartment. Following the denial of the permit, defendant applied to the board of adjustment, pursuant to N.J.S.A. 40:55-39(d), for a recommendation to the town council that a special use variance be granted. The board of adjustment conducted a hearing on November 10, 1964, after which it unanimously adopted a resolution recommending that the variance be granted. In that resolution the board found, among other things, that the premises were bounded by the municipal dump and institutional properties, that the topography of the tract was extremely irregular and included extensive subsurface rock, that development of the land for residential use would result in inordinate expense and in only a partial utilization of the land, that one-family construction was not feasible because of topographical conditions, that the cost of installing utilities for one-family houses would be prohibitive, that the garden apartment would not have an adverse effect on traffic, that the proposed use was not incompatible with presently existing uses and that the application could be granted without substantial detriment to the public good or impairment of the zone plan and zoning ordinance.
The town council, by a vote of 3-2, rejected a resolution granting the variance and subsequently adopted a resolution disapproving the board's recommendation. In doing so it *307 made 11 findings in addition to concluding that the negative criteria required by the statute had not been met.
Tufariello next instituted an action in lieu of prerogative writ to review the council's action. At the hearing the court held that five of the council's findings were without factual support in the record made before the board of adjustment. The matter was thereupon remanded to the board for the taking of testimony as to those five items. In settling the procedure to be followed on the remand, the court ruled that since the board's personnel had changed, it was to take the testimony and note any objections but not to take a vote or make any findings, and thereafter to forward the transcript of the proceedings to the council which would then make its findings and determination. If the ultimate determination was adverse to Tufariello, the matter was to be returned to the court for its ruling.
Pursuant to the order, the board conducted a hearing at which four witnesses testified in opposition to the granting of the variance and Tufariello testified in favor. The transcript and exhibits of both hearings were then submitted to the council (whose membership was unchanged) which reversed its earlier decision and voted, 3-2, to grant the variance on the basis of the reasons set forth in the board of adjustment's original recommendation. Tufariello's original suit was eventually dismissed on the ground that it had been made moot by the granting of the variance.
In the meantime, plaintiffs filed their present suit challenging the council's allowance of the variance. The trial judge affirmed, holding, in effect, that there was adequate factual support for the board's original recommendation and the council's action. The present appeal followed.
At the oral argument the parties were requested to submit supplementary briefs bearing on the validity of the grant of the variance as affected by the order for a limited remand made by the trial judge. They have done so.
We hold the court's order of limited remand and the actions of the board and council taken thereunder were contrary *308 to the purposes and requirements of N.J.S.A. 40:55-39 (d) and compel reversal of the allowance of the variance to Tufariello.
N.J.S.A. 40:55-39(d) provides that the board of adjustment shall have the power to:
"Recommend in particular cases and for special reasons to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. Whereupon the governing body or board of public works may, by resolution, approve or disapprove such recommendation. If such recommendation shall be approved by the governing body or board of public works then the administrative officer in charge of granting permits shall forthwith issue a permit for such structure or use."
but that:
"No relief may be granted or action taken under the terms of this section unless such relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance."
It is well established that a board of adjustment is an independent administrative body, Dolan v. DeCapua, 16 N.J. 599, 613 (1954), whose powers stem directly from the zoning statute. Tzeses v. Board of Trustees of South Orange, 22 N.J. Super. 45, 54 (App. Div. 1952); Duffcon Concrete Products, Inc. v. Cresskill, 1 N.J. 509, 515-516 (1949). Designed to provide expert discretion and judgment to matters coming within its cognizance, it acts in a quasi-judicial capacity in a manner consistent with the purposes of the zoning statute. Lynch v. Hillsdale, 136 N.J.L. 129, 132 (Sup. Ct. 1947), affirmed 137 N.J.L. 280 (E. & A. 1948); Potts v. Board of Adjustment of Princeton, 133 N.J.L. 230, 238 (Sup Ct. 1945).
Although the board can only recommend that a (d) variance be granted, that power is exclusive, Conlon v. Board of Public Works of Paterson, 11 N.J. 363, 368 (1953), and a variance can issue only where the board has so recommended. Schmidt v. Board of Adjustment of Newark, 9 N.J. 405, *309 421 (1952); Lynch v. Hillsdale, supra, 136 N.J.L., at p. 132. Thus a refusal by the board to so recommend cannot be appealed to the governing body. Relief in such case may be had only in the courts, and only upon a finding of arbitrary or capricious action amounting to an abuse of discretion on the board's part. Schmidt v. Board of Adjustment of Newark, supra, 9 N.J., at p. 423; Lynch v. Hillsdale, supra, 136 N.J.L., at pp. 132, 133. On the other hand a recommendation by the board is not reviewable until the governing body takes action thereon. Ackerman v. Board of Commissioners of Belleville, 1 N.J. Super. 69, 73 (App. Div. 1948); Kempner v. Edison Tp., 54 N.J. Super. 408, 417 (App. Div. 1959).
In addition to the board's recommendation, the governing body must have the record made before the board, including its findings of fact and its conclusions drawn therefrom, Wolf v. Zoning Board of Adjustment of Park Ridge, 79 N.J. Super. 546, 552 (App. Div. 1963); only when it has had the benefit of these is the governing body in a position to make an enlightened decision. Kempner v. Edison Tp., supra, 54 N.J. Super., at p. 417; Tomko v. Vissers, 21 N.J. 226, 236 (1956). In the latter case it was held that the duty of the board upon being presented with an application for a variance is to "weigh the evidence submitted and reach basic factual determinations. These basic findings, in essence, serve to reflect the board's conception of the true facts in the evidence presented. From the basic factual determinations the ultimate facts are to be derived." (At p. 239) When the matter reaches the governing body it remains free, however, to draw its own conclusions from the record before the board and to deny the variance. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961).
It seems clear that to have restricted the board to the taking and recording of the testimony of witnesses negated the very purposes for which the board was designed and reduced it to the level of a mere transmitter of words. If a remand to the board was justified, it was required to pass upon the credibility of the new witnesses, the relevance and weight *310 of the evidence, and its effect upon the findings and conclusions it had arrived at in the performance of its statutory duty to make its recommendation to the council.
Defendant argues that no de novo hearing by the board was necessary because it had fulfilled its statutory function when it initially made its favorable recommendation to the council, and the remanding judge had found no error in this recommendation but had been concerned only with the council's error in basing its denial of the variance in part, at least, on evidence not in the record. We disagree. Of necessity the board's original recommendation gave no consideration to the testimony taken pursuant to the remand
The ultimate conclusions and determination of the council are reviewed on the basis of the record made before the board of adjustment. Kempner v. Edison Tp., supra, 54 N.J. Super., at p. 417. Where the determination has no basis in the record it is a nullity. Verona, Inc. v. Mayor, etc., of West Caldwell, 49 N.J. 274, 284-285 (1967).
The remanding judge dismissed Tufariello's contention that sufficient credible evidence had been presented to require the grant of the variance without a remand. Implicit in his determination that five of the findings contained in the council's resolution were without support in the record would be the conclusion that the remainder of its findings had adequate factual support. He arrived at no conclusion as to whether these, standing alone, afforded legally adequate support for the council's action. However, had he been satisfied that the findings of the council were either irrelevant or rebutted by other evidence, he could have simply reversed and directed that a variance issue, or reversed and remanded to the council for a resolution founded on the record. Verona, Inc. v. Mayor, etc., of West Caldwell, supra, at p. 285. In view of the remand, we can only conclude that he felt the cited elements to be highly relevant, and that a fair determination could not be made absent the taking of the additional testimony. We have read the additional testimony and cannot say that it was immaterial or surplusage. We say this notwithstanding *311 that we are impressed by the proofs adduced in support of the variance and the findings on which the board based its favorable recommendation.
When the court determines that the interests of justice call for a remand, it is made to the board for the taking of the additional testimony and reconsideration of the matter in the light of all the testimony. Kempner v. Edison Tp., supra, 54 N.J. Super., at p. 418. Where, as here, the composition of the board had changed, the proper procedure would have been to remand the entire case for a de novo hearing. Ibid. It was in an attempt to spare the parties the burden of a de novo hearing that the court erroneously directed that the remand be only a limited one.
It is evident that the council did not give the new testimony much weight since the one councilman who changed his vote to make up the new majority did not rely on it. Moreover, as noted, the council predicated its decision on the reasons originally given by the board in recommending the variance. Had the board been given the opportunity to conduct a de novo hearing, it may well have altered its findings and recommendations. More importantly, the council would then have had the benefit of its statutory right to the board's recommendation and findings.
Finally, defendant argues that there should have been no remand in the first place, that the trial judge should have ordered that the variance be granted instead of remanding and that, therefore, we should ignore the new testimony and affirm. While this position would have substantial merit had no remand been ordered, the fact is that one was ordered and testimony was taken thereunder. We are thus left with no alternative but to decide the case on that basis.
In light of the above, we are satisfied that the judgment of the Law Division must be reversed, but without prejudice to the submission of a new application for a variance should defendant desire to do so. Accordingly, we find it unnecessary to pass upon the remaining points raised by appellants.
No costs.