603 A.2d 178

CATALPA INVESTMENT GROUP, INC., PLAINTIFF, v. FRANKLIN
TOWNSHIP ZONING BOARD OF ADJUSTMENT AND TOWN-
SHIP COUNCIL OF THE TOWNSHIP OF FRANKLIN, A MU-
NICIPAL CORPORATION OF THE STATE OF NEW JERSEY,
DEFENDANTS.

Superior Court of New Jersey
Law Division Somerset County

Decided November 22, 1991.

*Frederick C. Mezey* for plaintiff (*Mezey, Mezey & Cohen,* attorneys).

*Joseph Fisch* for defendant Franklin Towns Board of Adjustment.

ARNOLD, P.J.Cv.

What is the scope of pretrial discovery in an action in lieu of prerogative writs challenging the denial of a use variance? In this action, plaintiff seeks to depose the members of the Franklin Township Board of Adjustment (board). In addition, plaintiff has served a notice to produce various documents and propounded 17 interrogatories on the board. The board now seeks a protective order, pursuant to *R.*4:10–3, directing that "plaintiff cease and desist from discovery activities."

The material facts are as follows. Plaintiff applied to the board for a use variance. The board denied the application, finding that it lacked jurisdiction. The board's resolution reciting the reasons for the denial states that the board relied on the decision in *Dover Tp. v. Dover Tp. Bd. of Adj.*, 158 *N.J.Super.* 401, 386 *A.*2d 421 (App.Div.1978). The decision in that case set forth the factors to be considered in deciding whether a use variance would so substantially alter the character of a district as that character is prescribed by the zoning ordinance as to preclude a board of adjustment from granting the variance. *Id.* at 412–413, 386 *A.*2d 421. In this lawsuit, plaintiff seeks a declaration that the board has jurisdiction to rule on plaintiff's application.[1]

The notice to take oral depositions does not, of course, specify the subjects on which the board members are to be examined. However, the notice to produce requires the board to produce

Copies of any and all documents pertinent to the plaintiff's application which is the subject of this litigation including, but not limited to, all minutes of

---

[1]Plaintiff has also joined the township council as a defendant in this lawsuit alleging that the zoning of plaintiff's property is unlawful as contrary to the township master plan. No discovery has been sought from the board on that issue.

meetings in which the application was discussed and all maps, charts, memoranda, letters, surveys, regulations, reports and photographs the Zoning Board relied upon in considering said application.

The interrogatories propounded by plaintiff are broad in scope and will be discussed below.

 In considering the board's application for a protective order, this court begins with the principle that pretrial discovery is afforded the broadest possible latitude and extends not only to relevant information but also to any information that might lead to the discovery of relevant information. *Shanley & Fisher, P.C. v. Sisselman*, 215 *N.J.Super.* 200, 216, 521 *A.*2d 872 (App.Div.1987). Nevertheless, there are exceptions to this principle. *Rule* 4:10–3 provides that a party from whom discovery is sought may apply for a protective order which shall be granted for "good cause shown." However, no case decided by our New Jersey courts discusses what factors should be considered in determining whether "good cause" has been shown. This court holds that the following factors should be considered. The first two relate to the third, which relates to the scope of pretrial discovery.

1. The nature of the lawsuit and the issues raised by the pleadings;

2. The substantive law likely to be applied in the resolution of the issues raised by the pleadings.

3. The kind of evidence which could be introduced at the trial, and the likelihood of it being discovered by the pretrial discovery procedure which is the subject of the application for a protective order.

4. Whether trade secrets, confidential research, or commercial information are sought in the discovery procedure employed, whether they are material and relevant to the lawsuit, and whether a protective order will insure appropriate confidentiality. *See, e.g., In re Solid Waste Utility Customers Lists*, 106 *N.J.* 508, 524 *A.*2d 386 (1987); *Martin v. Educational*

*Testing Service, Inc.,* 179 *N.J.Super.* 317, 431 *A.*2d 868 (Ch.Div. 1981).

5. Whether the pretrial discovery seeks confidential information about persons who are not parties to the lawsuit. *See, e.g., Berrie v. Berrie,* 188 *N.J.Super.* 274, 457 *A.*2d 76 (Ch.Div. 1983). See also *Valley Bk. of Nev. v. Superior Court of San Joaquin Cty.,* 15 *Cal.*3d 652, 542 *P.*2d 977, 125 *Cal.Rptr.* 553 (1975).

6. Whether the pretrial discovery sought involves privileged material. *See Pressler, Current N.J. Court Rules,* Comment *R.*4:10–2 (1991).

7. Whether the pretrial discovery sought relates to matters which are or are not in dispute.

8. Whether the party seeking discovery already has the materials sought.[2]

9. The burden or expense to the party seeking the protective order.

Factors four, five and six are not relevant in deciding this application for a protective order.

 In this action in lieu of prerogative writs plaintiff seeks a declaration that the board has jurisdiction to grant a use variance. The substantive law relevant to that issue is found in *Dover Tp. v. Dover Tp. Bd. of Adj., supra,* which sets forth the factors to be considered in deciding whether a use variance would so substantially alter the character of a district as to preclude a board of adjustment from granting the variance. Briefly, those factors are the size of the tract, the size of the tract relative to the size and character of the district in which it is located and of the municipality as a whole, the number of parcels into which the tract will likely be subdivided, and the nature and extent of the variation from district regulation that is sought. *Dover Tp., supra* 158 *N.J.Super.* at 412–413, 386 *A.*2d 421. The issue as to whether the board properly

---

[2]Cf. *R.*4:10–2(a) which provides that it is not grounds for objection that the examining party has knowledge of the matters as to which discovery is sought.

declined jurisdiction in view of those factors will be decided solely on the record below. *Kempner v. Edison Tp.*, 54 *N.J.Super.* 408, 417, 149 *A.*2d 251 (App.Div.1959). Furthermore, except in limited circumstances, the person challenging the decision of a board of adjustment may not inquire into the mental processes surrounding the decision of a board member. *See N.J. Sports & Exposition Auth. v. McCrane,* 119 *N.J.Super.* 457, 470, 292 *A.*2d 580 (Law Div.1971), aff'd 61 *N.J.* 1, 292 *A.*2d 545 (1972); *cf. Tomko v. Vissers,* 21 *N.J.* 226, 240, 121 *A.*2d 502 (1956). Thus, the nature of the lawsuit, the substantive law applicable, and the fact that no new evidence may be introduced (factors one, two and three, *supra* ) weigh heavily in favor of quashing the notice to take the depositions of the members of the board. Furthermore, the burden on the members of the board is great. They are volunteers who receive no salary. To require them to be deposed would discourage citizens from accepting a position on a board of adjustment. Accordingly, defendant has established "good cause" to quash the notice of deposition and defendant's motion is granted in that respect.

This court recognizes that no member of the board of adjustment is permitted to act on any matter in which he or she or any immediate family member has any personal or financial interest. *N.J.S.A.* 40:55D–69; *N.J.S.A.* 40A:9–22.5d. So, while this court quashes the notice to take the depositions of the members of the board, it will require the members of the board to answer the following interrogatories propounded by plaintiff.

12. Set forth the name and present address of all members of the Zoning Board during the year 1991.

13. Do any members of the Zoning Board identified above own an interest in real estate within 200 feet of plaintiff's property. If so, set forth their name, and present address, and the Block and Lot of said real estate.

14. Do any members of the Zoning Board identified above own an interest in real estate within 5 miles of plaintiff's property. If so, set forth their name, present address, and the Block and Lot of said real estate.

15. List and annex copies of all financial disclosure statements and any other disclosures made by all 1991 Zoning Board members and professions pursuant to the Local Government Ethics Law.

Because the board's resolution denying plaintiff's application recites that the board considered the comments of appropriate township officials and agencies, and it is unclear whether those are contained in the record below, the board will be required to answer the following interrogatories because the answers may provide admissible evidence or lead to admissible evidence. (See factor three, *supra*).

2. In connection with the use variance application of plaintiff to the Franklin Twp. Zoning Board, list and annex copies of all letters, memoranda or other written communications:

a. To or from the Franklin Township Planning Board.

b. To or from the Franklin Township Council.

c. To or from the Franklin Township Environmental Commission.

d. To or from the Franklin Township Sewerage Authority.

e. To or from the Somerset County Planning Board.

f. To or from the Franklin Township Zoning Board.

g. To or from any person, firm, corporation, municipal board or agency, county board or agency, or state agency.

3. List and annex copies of all minutes of all meetings, public and executive session, at which action was taken, consideration given or mention of plaintiff's use variance application. If minutes are not available, set forth the place and date of such meetings as well as the names of those in attendance and a summary of the meeting.

However, the cost of producing such minutes or transcripts shall be borne by the plaintiff. *See* 36 *N.J. Practice (Frizell & Pozycki, Land Use Law)* § 12.13 at 136, n. 8.

■ The board shall provide plaintiff with the documents set forth in the notice to produce with the exception of plaintiff's application and all exhibits attached thereto. That application together with plaintiff's exhibits are already in plaintiff's possession (see factor number eight *supra*) and it is oppressive to require the municipality to reproduce them. The other materials sought by the notice to produce might be admissible at trial and factor number three weighs heavily in favor of their discovery. But, there is no dispute between the parties as to the applicable resolution, applicable zoning ordinance, and content of the master plan, so the following interrogatories are quashed as unnecessary and oppressive.

4. List and annex copies of all Zoning Board resolutions which in any way reference or consider plaintiff's use variance application.

6. Set forth verbatim or annex a copy of the zoning ordinances together with all amendments thereto in effect in Franklin Township on August 15, 1991.

16. Set forth verbatim or annex a copy of the master plan together with all updates, amendments and re-examination reports in effect in Franklin Township on August 15, 1991.

Because the board's decision that it lacks jurisdiction will be decided based on a review of the record below, factor number three set forth above weighs heavily in favor of granting the board's motion to quash the following interrogatories. These interrogatories seek inadmissible evidence unlikely to lead to the discovery of admissible evidence.

1. Set forth:

a. The names and present addresses of any persons known to you to possess knowledge of relevant facts concerning the matter complained of.

b. As to any such persons you intend to use as witnesses, state their full names, present addresses and qualifications, and annex copies of all expert reports.

7. List and annex copies of all Resolutions granting or denying use variances for the past 5 years.

8. List and annex copies of all Resolutions denying use variances based on jurisdiction for the past 5 years.

9. Set forth all facts upon which you intend to rely to establish the reasonableness of the Zoning Board's decision to deny plaintiff's application.

10. Set forth all facts, including all written documentation, upon which you intend to rely to establish your First Affirmative Defense.[3]

11. State whether any admissions or statements were made by any party to this action or the agent or servant of any party to this action. If so, state: (a) Whether written or oral; (b) The date, time and place made; (c) By whom and to whom made; (d) The words used; (e) If in writing, annex a copy of such writing; and (f) If in writing, set forth the full name and present address of the person who has the custody of the original of such writing.

The board will be required to answer interrogatory number five, set forth below, but only as to stenographic transcripts of proceedings relating to plaintiff's application.

5. State whether or not a stenographic transcript was taken of any portion of any of the meetings referenced in your answers to interrogatories 3 and 4. If

---

[3]The first affirmative defense in the board's Answer is that the complaint fails to state a claim upon which relief may be granted.

so, state the date of said meeting and the full name and present address of the reporter.

Finally, the board will be required to answer the following interrogatory.

17. Set forth the full name and present address of the person(s) answering these interrogatories.

The order submitted by the board will be modified to incorporate this court's rulings.