763 A.2d 347

BENJAMIN MUGRAGE, PLAINTIFF, v.
NANCY MUGRAGE, DEFENDANT.

Superior Court of New Jersey, Chancery Division
Family Part, Somerset County

Decided June 8, 2000.

*Henry J. Aratow,* Morristown, NJ, for plaintiff.

*Jeralyn L. Paulson,* of *Norris, McLaughlin & Marcus,* Somerville, NJ, for defendant.

DILTS, J.S.C.

The question presented is whether a spouse against whom a restraining order has been entered in a domestic violence matter has the right to be present at the deposition of the other spouse in a pending matrimonial action. The court holds that the deposition

should be conducted in the presence of a spouse against whom a restraining order has been entered under the least restrictive conditions possible, unless "exceptional circumstances" exist.

## PROCEDURAL HISTORY

The parties were married on August 7, 1982. One child was born of the marriage. On August 19, 1998, a final restraining order was issued pursuant to the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–17 though 33, protecting Ms. Mugrage from Mr. Mugrage. Mr. Mugrage filed a Complaint for Divorce in October 1998. Ms. Mugrage filed this application for a protective order to exclude Mr. Mugrage from her deposition which is to be taken by Mr. Mugrage's attorney in the pending matrimonial matter.

The court held a plenary hearing in June 2000 to hear from the parties on two critical issues: prior history of domestic violence between the parties and the reasons Ms. Mugrage wanted Mr. Mugrage to be excluded from the deposition.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

I. *A Trial Court May (1) Exclude a Party From a Deposition Only Upon the Demonstration of "Exceptional Circumstances" and (2) Enter a Protective Order Only Upon Good Cause Shown.*

■ A trial court may exclude a party from a deposition only upon the demonstration of "exceptional circumstances". Pressler, *Current N.J. Court Rules* (2000), *Comment* 4:10–3. *Rule* 4:10–3 allows a trial court, for good cause shown and when justice requires, to enter a protective order to protect a party who is being deposed from annoyance, embarrassment, oppression, or undue burden. In doing so, a court may order the following:

(1) that discovery not be had;

(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; and

(4) that certain matters may not be inquired into, or that the scope of the discovery be limited to certain matters....

## II. *Factors to be Considered in Determining Whether Exceptional Circumstances or Good Cause Have Been Established*

In making the determination of whether "exceptional circumstances" to exclude the other party or "good cause" to warrant a protective order exist, courts must engage in a detailed analysis of the circumstances of the parties and the issues involved. See *Dade v. Willis,* 1998 *WL* 260270 (E.D.Pa.1998). In cases where a final restraining order is in effect, several factors should be considered by the court in assessing the need to exclude a party or limit a party's participation in the deposition in a pending matrimonial action. These factors include:

(1) past history of domestic violence between the parties, including physical abuse, threats, and harassment, *Cesare v. Cesare,* 154 *N.J.* 394, 401, 713 *A.*2d 390 (1998);

(2) any violations of the domestic violence restraining order, *Galella v. Onassis,* 487 *F.*2d 986, 997 (2nd Cir.1973);

(3) past disregard of the judicial process by the party sought to be excluded from the deposition, *Galella, supra* at 997;

(4) anticipation of misconduct during deposition, which would harass, alarm or frighten the party being deposed, *Galella, supra* at 997;

(5) the party's fear of the party sought to be excluded, *Carfagno v. Carfagno,* 288 *N.J.Super.* 424, 436, 672 *A.*2d 751 (Ch.Div.1995);

(6) the mental and emotional health of both parties;

(7) general security concerns for the safety of the party being deposed, *Hines v. Wilkinson,* 163 *F.R.D.* 262, 266 (S.D.Ohio 1995);

(8) the good faith of the party being deposed in asking to exclude the other party from the deposition; and

(9) any other factor deemed relevant by the court.

The first factor is the past history of domestic violence between the parties, including physical abuse, threats, harassment and verbal abuse. *Cesare, supra* at 401, 713 *A.*2d 390. Before deciding the level of protection to which the party being deposed should be entitled, it is necessary to have testimony from the parties as to past domestic violence, unless that prior history was developed fully at the underlying domestic violence hearing and

findings were made by the trial judge at that time. In this case, there were no findings on the issue of past domestic violence and the court did hold a short plenary hearing on this issue in June 2000 in order to have a basis to evaluate Ms. Mugrage's application for a protective order. The court finds that Mr. Mugrage has never physically hit Ms. Mugrage, but he did threaten her on one occasion by moving toward her with a raised, clenched fist. The court finds that Mr. Mugrage has thrown objects at Ms. Mugrage and has "growled" at her on several occasions when he was angry. The court finds that Ms. Mugrage has been the victim of verbal abuse in the past. Also, the court finds credible the testimony of Ms. Mugrage that Mr. Mugrage has been upset when the child has been picked up at the police headquarters, and that he dropped the diaper bag to the floor from waist level to express his dissatisfaction. The court finds that Ms. Mugrage has established that she is the victim of past domestic violence, and that she is a protected party under a final restraining order issued under the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25-17 though 33. This factor weighs in favor of entering a protective order.

The second factor is whether there are any violations of the domestic violence restraining order. *Galella, supra* at 997. In this case, although the police have been called by Ms. Mugrage on occasion and at least one complaint of violation of restraining order has been filed, Mr. Mugrage has not been found guilty of contempt of the existing restraining order. This factor weighs against imposing a protective order.

The third factor is past disregard for the judicial process by the parties sought to be excluded from the deposition. *Galella, supra* at 997. Mr. Mugrage has appeared in court on several occasions. His conduct has not been disruptive, or anything other than appropriate and respectful. This factor weighs against imposing a protective order.

The fourth factor is whether there is an anticipation of misconduct during the deposition which would harass, alarm or frighten the party being deposed. *Galella, supra* at 997. Based upon Mr.

Mugrage's past appropriate and respectful conduct in court when Ms. Mugrage was present, as well as his assurances and willingness to abide by the terms of any order imposed by the court, the court concludes that it cannot anticipate any misconduct by Mr. Mugrage during the deposition. This factor weighs against imposing a protective order.

The fifth factor is the party's fear of the party sought to be excluded. Here, the court finds that Ms. Mugrage is in fear of Mr. Mugrage. The court concludes in this instance, unlike its findings in *Carfagno, supra* at 437–438, 672 *A*.2d 751, that it is not necessary to differentiate between "subjective fear" and "objective fear", i.e., it is not necessary for the court to determine whether a reasonable victim similarly situated would fear Mr. Mugrage. Ms. Mugrage is the party to be deposed, and she is required to present herself for deposition. It is sufficient in this instance that if she is in fear that the court should grant an appropriate protective order even if her fear does not rise to the level of "objective fear". That is, it is sufficient for the court to have the authority to consider a protective order if the person sought to be deposed is in fear of the other party. In this case, Ms. Mugrage is genuinely in fear of Mr. Mugrage and this factor weighs in favor of entering a protective order.

The sixth factor is the mental and emotional health of both parties. Certainly, the health of the person who is a victim of domestic violence must be considered. If the victim is receiving psychological counseling, suffers from "battered women's syndrome", or suffers from any mental or emotional illness, such condition must affect the level of protection to be given by the court in its order. Similarly, the mental and emotional health of the other spouse must also be considered. The court must consider whether because of a mental or emotional illness, the other party is able and likely to comply with the court's protective order or at risk of engaging in harassing behavior. In this case, there is no evidence to suggest that either Mr. or Mrs. Mugrage

suffers from any mental or emotional illness or disability. This factor weighs against imposing a protective order.

■ The seventh factor is general security concerns for the safety of the party being deposed. *Hines v. Wilkinson, supra* at 266. Security of the party sought to be deposed must always be a factor where the deponent is protected by a final restraining order. The victim is compelled by judicial process to be present, and the court has an obligation to insure the safety of the protected party. To this end, even when it is not appropriate to exclude the other party from the deposition, a protective order can be crafted which would allow the other party to be present under the least restrictive conditions possible. The court discusses below certain conditions for the taking of the deposition in this case. This factor weighs in favor of entering a protective order.

The eighth factor is the good faith of the party being deposed in seeking to exclude the other party from the deposition. The court finds that Ms. Mugrage is in good faith in her desire to exclude Mr. Mugrage from the deposition. She is genuinely concerned that his presence will cause her to become upset and not be completely responsive to the deposition questions. She has not expressed a fear that he will assault her or hurt her at the deposition, or while she is traveling to or from the deposition. Rather, her concern is the usual pressures of being deposed while under the added burden of being in his presence. This factor weighs in favor of entering a protective order.

The ninth and final consideration is whether there are any other factors deemed relevant by the court. These would include factors raised by the parties in their certifications or during their testimony. These factors would be considered in determining whether "extraordinary circumstances" exist to exclude the defendant from a deposition or to justify the imposition of a protective order.

■ The above factors need to be weighed qualitatively, and not quantitatively, to determine whether the party being deposed has

met the required burden of showing (1) "exceptional circumstances" which would justify excluding the other party from the deposition or (2) "good cause" to warrant the imposition of a protective order.

### III. *Mr. Mugrgage May Not Be Excluded From the Deposition*

In weighing these factors, the court concludes that Ms. Mugrage's request to exclude Mr. Mugrage from her deposition must be denied. Although she is in fear of Mr. Mugrage, and is in good faith in asking that he be excluded, and even though she has been the victim of domestic violence in the past, as well as protected by an existing order, the court concludes that Mr. Mugrage has respected the judicial process in the past and almost certainly will abide by the terms of any court order regulating his attendance at the deposition. He has not violated past court orders and the court concludes that security concerns for her safety can be addressed in a carefully crafted protective order. Therefore, Ms. Mugrage has not established sufficient "exceptional circumstances" to justify excluding Mr. Mugrage from her deposition in the matrimonial action.

### IV. *Ms. Mugrage Is Entitled to a Protective Order*

Although the court has denied Ms. Mugrage's request to exclude Mr. Mugrage from her deposition, the court is satisfied, considering the factors set forth above, that good cause has been shown which would make appropriate the entry of a protective order. *Rule* 4:10–3. See *Tholander v. Tholander,* 34 *N.J.Super.* 150, 152, 111 *A.*2d 643 (Ch.Div.1955) and *Catalpa Inv. Group v. Franklin Tp.,* 254 *N.J.Super.* 270, 273, 603 *A.*2d 178 (Law Div. 1991). In this case, the court finds that it is necessary for the following conditions to be imposed:

1. The deposition shall be held in a conference room in the courthouse. All persons who enter the courthouse are required to go through a weapons check at the front door. Therefore, there is

no risk of weapons being brought to the deposition. Sheriff officers are available if they are needed. Additionally, counsel can make immediate application directly to the court in the event of a disagreement which may arise during the course of the deposition;

2. Mr. Mugrage shall not have any contact or communication with Ms. Mugrage and shall not speak out loud in her presence. Mr. Mugrage and his counsel may confer as his counsel deems necessary during the deposition, however, all communications between Mr. Mugrage and his attorney shall take place outside of the conference room;

3. Mr. Mugrage will sit on the same side of the room as Ms. Mugrage, but shall not sit at the table. Ms. Mugrage's attorney will sit next to her at the table. In this way, Mr. Mugrage will be able to observe Ms. Mugrage from the side, hear her, and be able to participate as a party opponent in the deposition. Mr. Mugrage's attorney shall sit across the table from Ms. Mugrage. As a result, during the deposition, Mr. Mugrage will not be in Ms. Mugrage's field of vision. Attached to the order is a diagram which indicates where all persons will be seated during the deposition; and

4. Mr. Mugrage shall arrive at the conference room 15 minutes before the deposition is scheduled to begin and shall remain in the room to avoid contact with Ms. Mugrage in other parts of the courthouse. Mr. Mugrage shall remain in the deposition room five minutes after she leaves for lunch and recess and 10 minutes at the end of the day. Mr. Mugrage shall be seated in the conference room after any recess five minutes before the deposition is scheduled to reconvene.

The court has considered other alternatives including the taking of depositions upon written questions (R. 4:15), and the use of the "Real Time court reporting computer" equipment, with the other party seated outside the courtroom, but able to read via computer screen the text of the questions and answers. The court has also considered use of video conferencing with Ms. Mugrage, her attorney, and the court reporter at one location and Mr. Mugrage

and his attorney at another location, linked by video conferencing. See *Maryland v. Craig,* 497 *U.S.* 836, 110 *S.Ct.* 3157, 111 *L.Ed.*2d 666 (1990). The court concludes, however, that the deposition should take place under the least restrictive conditions possible, and these alternatives are neither necessary nor appropriate in this case.

Accordingly, Mr. Mugrage may be present for the deposition of Ms. Mugrage. The deposition will proceed subject to the terms and conditions set forth above. A separate Order has been prepared and entered by the court.